THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RODERICK BAKER, Defendant-Appellee.

Third District    No. 3—94—0314

Opinion filed December 2, 1994.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Roderick Baker, was charged by information with harassment by telephone (720 ILCS 135/1—1(2) (West 1992)). The defendant subsequently filed a motion to dismiss for lack of jurisdiction. At a hearing on the motion, it was stipulated that the defendant was in Ohio when he placed the telephone call that formed the basis of the charge. The trial court dismissed the charge, specifically finding that "the conduct which formed the basis for the charge had taken place entirely in the State of Ohio."

On appeal, the State argues that jurisdiction was proper in Illinois because the offense was committed partly in Illinois.

The Illinois jurisdiction statute provides:

"(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, *** if:

(1) The offense is committed either wholly or partly within the State;

* * *

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, *or the result* which is such an element, occurs within the State." (Emphasis added.) 720 ILCS 5/1—5(a)(1), (b) (West 1992).

We do not dispute the circuit court's conclusion that the defendant's *conduct* occurred entirely in the State of Ohio. However, the alleged *result* of that conduct was harassment in Illinois. Thus, for jurisdictional purposes, the offense was committed partly in Illinois. Jurisdiction was therefore proper in Illinois.

We note that our conclusion is consistent with that reached in the factually similar case of *Brehm v. Indiana* (Ind. Ct. App. 1990), 558 N.E.2d 906. In *Brehm*, the defendant placed harassing telephone calls from Michigan, where he lived, to his ex-wife in Indiana. At the time, Indiana had harassment and jurisdictional statutes substantially similar to the Illinois statutes cited above. (See *Brehm*, 558 N.E.2d at 908.) The *Brehm* court concluded that Indiana had jurisdiction because the intimidation resulting from the defendant's telephone calls manifested itself in Indiana.

Finally, we note that Illinois has a valid public interest in protecting people in Illinois from harassing telephone calls originating outside the State. Accordingly, our decision is consistent with the legislative purpose of the jurisdiction statute, which is to establish "a broad jurisdictional basis for the prosecution in Illinois of offenses involving persons, property, and public interests in the State." 720 ILCS Ann. 5/1—5(a)(1), (b), Committee Comments—1961, at 17 (Smith-Hurd 1992).

For the reasons set forth above, the judgment of the circuit court of McDonough County is reversed, and the information is reinstated.

Reversed.

SLATER, P.J., and McCUSKEY, J., concur.