FIFTH DIVISION

        August 11, 2000 

No. 1-99-2046

THE CITY OF CHICAGO, ) Appeal from the

) Circuit Court of

 Plaintiff-Appellant, ) Cook County

) 

v. ) 

) Nos. 98 MCI 390302,   

)   99 MCI 225349,  98 MCI 431220,       )  99 MCI 203024, 98 MCI 405451,

)  98 MCI 390458, 98 MCI 390667,

)  98 MCI 361614, 98 MCI 390378,

)   98 MCI 380717,  98 MCI 404937,

)   98 MCI 402195,  99 MCI 226806,

)   98 MCI 360893,   98 MCI 390459,

)   98 MCI 410268,   98 MCI 380714,

)   98 MCI 380258,   99 MCI 200093,

)   98 MCI 403674,   98 MCI 430753,

)   99 MCI 225449,   98 MCI 315003,

)   99 MCI 203618,   98 MCI 314662,

)   99 MCI 374614,   98 MCI 388212,

)   98 MCI 405604,   99 MCI 225254,

)   98 MCI 390072,   98 MCI 431245,

)   99 MCI 203021,   98 MCI 405451,

)   99 MCI 203044,   98 MCI 431028,

 )   99 MCI 225471,   98 MCI 380029,

)   98 MCI 430753,   98 MCI 407623,

)   98 MCI 407648,   98 MCI 388442,

)   99 MCI 227069,   98 MCI 390894,

)   98 MCI 404986,   98 MCI 388682,

)   99 MCI 227639,   98 MCI 431077,

)   98 MCI 431087,   98 MCI 380718,

)   99 MCI 203481,   98 MCI 380309,

)   98 MCI 405141,   99 MCI 225116,

)   98 MCI 431212,   99 MCI 203623,

            )   99 MCI 203370,

)

WILLIAM POWELL 
et al.
, ) 

) 

Defendants-Appellees. ) 

) The Honorable

) Marvin Luckman,

) Judge Presiding. 

JUSTICE GREIMAN delivered the opinion of the court:

William Powell stood on a Chicago street corner yelling "blows."  In this case of first impression, the City of Chicago (City), in its amended complaint against Powell, alleges that he "committed the offense of soliciting unlawful business in that he was observed shouting blows, a common term for heroin, on the public way at the above address for the purpose of soliciting unlawful business."  See Chicago Municipal Code §10-8-515 (added April 1, 1998).  Powell filed a motion to dismiss, arguing that: (1) the complaint failed to state a cause of action; (2) the ordinance was vague; and (3) the ordinance was overbroad.  Several other defendants who were also charged with violating the ordinance joined in Powell's motion.  
The trial court granted the motion, finding the ordinance unconstitutionally vague.  The City now appeals, arguing that the ordinance (1) is not overbroad as a restriction on freedom of speech; and (2) is not unconstitutionally vague because it sufficiently defines "solicitation" and "unlawful business."

The City prosecuted Powell for violating section 10-8-515 of the Chicago Municipal Code.  The ordinance provides as follows:

"Soliciting Unlawful Business.

(a) No person may: (i) stand upon, use or occupy the public way to solicit any unlawful business; or (ii) interfere with or impede any pedestrian or anyone in a vehicle on the public way, for the purpose of soliciting any unlawful business.

(b) As used in this section, 'unlawful business' means any exchange of goods or services for money or anything of value, where the nature of the goods or services, or the exchange thereof, is unlawful.  Unlawful business includes, but is not limited to, prostitution or the illegal sale of narcotics.  For the purposes of this section, 'soliciting' may be by words, gestures, symbols or any similar means.

(c) A person who violates this section shall be subject to a fine of not less than $500.00 and/or imprisonment for: (i) not less than 10 days and not more than six months for a first offense; (ii) not less than 20 days and not more than six months for a second offense; and (iii) not less than 30 days and not more than six months for a third or subsequent offense.  In addition to the penalties specified above, a person who violates this section shall be ordered to perform up to 200 hours of community service."  Chicago Municipal Code §10-8-515 (added April 1, 1998).

On May 10, 1999, the trial court held a hearing on the motion to dismiss.  In striking down the ordinance as unconstitutionally vague, the court did not indicate which term rendered the ordinance vague and found the ordinance unnecessary because individuals charged with violating the ordinance could be charged with other offenses under Illinois law.
(footnote: 1) 

The City filed a timely notice of appeal, which contains a list of 52 defendants and 56 case numbers.  The City subsequently filed a motion to dismiss certain defendants, which we consider along with this appeal. 

Although defendants agree with the result reached by the trial court, they ask us to affirm by employing a different analysis.  Defendants assert that the trial court's dismissal of the charges should be affirmed because the charging documents are fatally defective under Illinois law.  A reviewing court should not reach constitutional issues if the case can be determined on other grounds.  
People v. Nash
, 173 Ill. 2d 423 (1996).  A challenge to the sufficiency of a charging instrument is reviewed 
de novo
.  
People v. Smith
, 259 Ill. App. 3d 492 (1994). 

A defendant has the fundamental right under the United States and Illinois Constitutions to be informed of the nature and cause of criminal accusations made against him.  The "nature and cause" of a criminal accusation refers to the crime committed rather than the manner in which it was committed.  
People v. DiLorenzo
, 169 Ill. 2d 318 (1996).  If an information or indictment is attacked before trial, it must strictly comply with the pleading requirements of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 
et seq
. (West 1998)).  
DiLorenzo
, 169 Ill. 2d at 321-

22.  Section 111-3(a) of the Code provides, 
inter alia
, that a charge must set forth the nature and elements of the offense charged.  725 ILCS 5/111-3(a)(3) (West 1998).  Technical objections are to be disregarded, and the charging instrument need only state the essential elements of the offense.  See 
People v. Devine
, 295 Ill. App. 3d 537 (1998) (rejecting defendant's argument that information was defective because it was not signed by the State's Attorney or supported by affidavit). 

 If an information or indictment is challenged for the first time on appeal, however, the standard is more liberal.  In this instance, a charging instrument is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to (1) prepare his defense; and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.   
DiLorenzo
, 169 Ill. 2d at 322; 
People v. Pujoue
, 61 Ill. 2d 335 (1975).  "In other words, the appellate court should consider whether the defect *** prejudiced the defendant in preparing his defense."   
People v. Thingvold
, 145 Ill. 2d 441, 448 (1991).   

The parties disagree over which standard applies.  Defendants essentially argue that we should use the standard applied in 
People v. Nash
, 173 Ill. 2d 423 (1996).  The defendants in 
Nash
, 173 Ill. 2d at 425, were charged with violating the provision of the mob action statute prohibiting the "assembly of 2 or more persons to do an unlawful act."  See 720 ILCS 5/25-1(a)(2) (West 1998).  At a pretrial hearing, the State indicated that it considered the charges viable and that it would not amend the complaints.  The trial court granted defendants' motion to dismiss, finding the statute unconstitutional.  The Illinois Supreme Court did not reach the issue of whether the statute was constitutional.
(footnote: 2)  Noting that the defendants had attacked the sufficiency of the charging instruments before trial, the court applied section 111-3(a)(3) and affirmed on the basis that the complaints failed to properly charge a crime.  
Nash
, 173 Ill. 2d at 429.    

We agree with defendants that the more stringent standard applies here.  The record establishes that Powell challenged the sufficiency of his complaint below.  Section 114-1 of the Code provides that a defendant can move to dismiss a charge prior to trial on the ground that it does not state an offense.  725 ILCS 5/114-1(8) (West 1998).  Powell's motion to dismiss does not indicate the statutory basis under which it was filed.   However, it alleges that the complaint "fails to state any cause for which Mr. Powell could be arrested."  At the hearing on the motion, defense counsel argued that Powell's complaint failed to state a cause of action because "[o]ther than standing on a public way and speaking and uttering that word blows, there is no act alleged."  The court declined to rule on this issue.  Notably, the City concedes that defense counsel generally attacked the sufficiency of Powell's complaint at the hearing.  Although defense counsel did not attack the sufficiency of the other complaints, it can be assumed that the other defendants moved to adopt Powell's argument as their own in the motion to join.   

However, we reject defendants' argument that the complaints are defective because they allege an apparent attempt to engage in unlawful business.  
Nash
 held that apparent attempts cannot be the basis for criminal liability.  
Nash
, 173 Ill. 2d at 431.  The complaints in 
Nash
 alleged that the defendants "knowingly by the use of intimidation, disturbed the public peace."  173 Ill. 2d at 430.  The basis for the accusation was that "while acting with others and without the authority of law, [defendants] blocked the sidewalk in an apparant [sic] attempt to sell drugs and promote gang activity."  173 Ill. 2d at 431.  The court found the complaints defective in part because the factual basis of the accusations did not allege that the defendants violated any section of the Code or even attempted to engage in criminal conduct.  The complaints merely mentioned "an apparant [sic] attempt to sell drugs and promote gang activity."  173 Ill. 2d at 431.  In contrast, the complaints in the instant case do not contain the words "apparent attempt."

Under section 111-3(a)(3), when the statutory language defines or describes the specific conduct constituting the offense, there is no need for the charge to specify the exact means by which the conduct was carried out.  
People v. Wisslead
, 108 Ill. 2d 389 (1985).  The charging instrument merely needs to state the offense in the language of the statute or so plainly that the defendant is apprised of the charge.  
People v. Wilkenson
, 262 Ill. App. 3d 869 (1994).  The question is not whether the alleged offense could have been described with greater certainty, but whether there is sufficient particularity to enable the accused to prepare a proper defense.  
People v. Meyers
, 158 Ill. 2d 46 (1994).  Where a statute does not specifically define the crime, or does so only in general terms, the charge must go beyond the words of the statute; the facts that constitute the crime must be specifically set forth.  
People v. Grieco
, 44 Ill. 2d 407 (1970).  

We find that a complaint alleging solicitation of unlawful business sufficiently informs a defendant with reasonable certainty of the nature and cause of that charge if it contains information establishing the type of unlawful business that the defendant is accused of soliciting and the factual basis for such a charge.  Thus, a complaint charging solicitation of "unlawful business" in the language of the ordinance is insufficient under section 111-3 because the phrase "unlawful business" does not describe specific conduct.  See 
Nash
, 173 Ill. 2d at 430 (holding that the complaints were too general in that they did not specifically set forth facts constituting mob action).  It is not necessary for a complaint alleging solicitation of unlawful business to describe the method of solicitation used.

Applying these principles, it appears that the only defective complaint is the one against defendant Woods.  That complaint charges that Woods "[c]ommitted the offense of soliciting unlawful business in that he knowingly and unlawfully interfered and impeded the flow of vehicular and pedestrian traffic by standing at above address and was heard yelling 'blows' to passing motorist and pedestrians."  The complaint does not describe the type of unlawful business that Woods allegedly solicited.  The City conceded during oral argument that such a complaint would be fatally defective.  The only conduct alleged in the complaint is the yelling of the word "blows."  However, the complaint does not explain the supposed meaning of that term.  A reasonable person would not necessarily know that "blows" is a slang term for a controlled substance.  Extrinsic evidence would be necessary in order for a defendant to determine the reason for his prosecution.  Therefore, Woods was properly dismissed.  

We note that a complaint that does not indicate the type of unlawful business would probably be insufficient under the more liberal pleading standard as well because it would not allow a defendant to adequately prepare a defense or prevent another prosecution for the same crime.

The remaining defendants were charged with soliciting either prostitution, the sale of controlled substances, or, in one instance, the sale of false identification cards. 
 The plain and ordinary meaning of those complaints is sufficient to inform the defendants of the charges against them because the unlawful business is either specifically alleged or reasonably apparent.  Some of the complaints contain language that indicates those defendants were arrested for soliciting the sale of narcotics.  For example, the complaint against Powell alleges that he "committed the offense of soliciting unlawful business in that he was observed shouting blows, a common term for heroin, on the public way at the above address for the purpose of soliciting unlawful business."  Defining the street meaning of the word "blows" informs a defendant of the type of unlawful business of which he is accused.

The City is a home rule unit of local government with the power to regulate for the protection of the public safety.  Ill. Const. 1970, art. VII, §6(a).  The City has the authority to enact an ordinance that addresses matters already covered by state law as long as the legislature does not limit this power.  Ill. Const. 1970, art. VII, §6(i).  The City maintains that it has an important and substantial interest in eliminating drugs, prostitution, and other criminal conduct that the ordinance seeks to prohibit.  A home rule unit cannot create felonies or impose prison terms greater than six months.  Ill. Const. 1970, art. VII, §§6(d)(2), (e).  The ordinance does neither.  Although the ordinance imposes mandatory minimum sentences, home rule units have the authority to establish such sentences.  
City of Chicago v. Roman
, 184 Ill. 2d 504 (1998).  Merely because a law duplicates other offenses does not make it unconstitutional.  
United States v. Buckalew
, 859 F.2d 1052 (1st
 Cir. 1988) (upholding a solicitation statute prohibiting conduct also within the scope of a conspiracy statute).  Therefore, we find that the trial court erred in striking down the ordinance simply because defendants could have been charged under other criminal laws.

In construing a municipal ordinance, the same rules are applied as those that govern the construction of statutes.  
City of Chicago v. Morales
, 177 Ill. 2d 440 (1997), 
affirmed by
 527 U.S. 41, 144 L. Ed. 2d 67, 119 S. Ct. 1849 (1999).  Statutes are presumed to be constitutional.  The party challenging the constitutionality of a statute bears the burden of rebutting this presumption.  
Russell v. Department of Natural Resources
, 183 Ill. 2d 434 (1998).  Courts must construe a statute so as to affirm its constitutionality if it is reasonably capable of such a construction.  A trial court's ruling with respect to a statute's constitutionality is reviewed 
de novo
.  
Russell
, 183 Ill. 2d at 441.

Defendants assert that the ordinance is overbroad because it encompasses a substantial amount of speech protected by the first amendment.  The trial court did not appear to rule on this issue.  However, an appellee may raise any argument in support of the trial court's judgment even if it was not directly ruled upon by the trial court.  
Hickey v. Illinois Central R.R. Co.
, 35 Ill. 2d 427 (1966). 

The overbreadth doctrine is designed to protect the first amendment freedom of expression from laws written so broadly that the fear of punishment might discourage people from taking advantage of this elemental freedom guaranteed by both our federal and state constitutions.   
Broadrick v. Oklahoma
, 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973).  A statute will be invalidated as overbroad if it criminalizes a substantial amount of protected behavior when judged in relation to the law's "plainly legitimate sweep."  
Broadrick
, 413 U.S. at 615, 37 L. Ed. 2d. at 842, 93 S. Ct. at 2918.  The doctrine should be used sparingly.  
Broadrick
, 413 U.S. at 615, 37 L. Ed. 2d at 842, 93 S. Ct. at 2918.  Constitutionally protected speech includes not only written and spoken words, but also symbolic speech.  
Texas v. Johnson
, 491 U.S. 397, 105 L. Ed. 2d 342, 109 S. Ct. 2533 (1989). 

We reject defendants' argument that the ordinance criminalizes hand gestures and other forms of verbal and nonverbal speech unrelated to criminal conduct.  Inducing another individual to break the law is not protected by the first amendment.  "Where speech is an integral part of unlawful conduct, it has no constitutional protection."  
Chicago Real Estate Board v. City of Chicago
, 36 Ill. 2d 530, 552-53 (1967), citing 
Giboney v. Empire Storage & Ice Co.
, 336 U.S. 490, 93 L. Ed 834, 69 S. Ct. 684 (1949).  For example, in 
People v. Lewis
, 84 Ill. App. 3d 556 (1980), the defendant was convicted of the offense of solicitation.  The court recognized that the crime of solicitation requires specific intent, which can be inferred from surrounding circumstances and acts of the defendant, and found that the criminal intent element transformed constitutionally protected speech into the offense of solicitation.  
Lewis
, 84 Ill. App. 3d at 561.  See also 
People v. Bailey
, 167 Ill. 2d 210 (1995) (finding that the element of a threat in the stalking statute was not constitutionally protected speech); 
People v. Johnson
, 60 Ill. App. 3d 183 (1978) (finding that the first amendment did not give a defendant convicted of prostitution the right to use words which were an integral part of the illegal act).   

Defendants rely on 
City of Harvard v. Gaut
, 277 Ill. App. 3d 1 (1996), for the contention that the ordinance infringes on a substantial amount of constitutionally protected conduct.  Specifically, defendants contend that a woman with a flat tire who flags down another car for help could be arrested under the ordinance for soliciting prostitution.  However, 
Gaut
 is distinguishable.  The defendant in 
Gaut
 was charged with wearing a gang symbol in violation of the city's gang activity ordinance.  The ordinance prohibited gang members from communicating gang-related messages through the use of hand symbols and wearing gang symbols and colors.  The court noted that "gang colors" and "gang clothing" are often worn by nongang members as a form of symbolic speech intended to convey a message unrelated to the promotion of gangs.  The court found the ordinance to be unconstitutionally overbroad because it prohibited nongang members from engaging in constitutionally protected speech.  
Gaut
, 277 Ill. App. 3d at 7.  Here, the ordinance does not improperly prohibit constitutionally protected conduct or speech.  Flagging down a car in order to obtain roadside assistance is not criminal behavior because it occurs in a different context than, for example, flagging down a car with a single male occupant in it and engaging in conversation for the purpose of soliciting prostitution.  These are questions of intent and proof.

According to defendants, the City should "wait until an actual violation of a real criminal law occurs and then arrest the suspect."  This argument is meritless.  The ordinance is designed to rid our city streets of drug dealers and prostitutes.  If an individual actually completed the illegal business which he solicited, there would be no need to charge him under the ordinance.  Moreover, the Code contains numerous statutes designed to prosecute inchoate crimes.  "[P]ublic policy mandates that the law be able to step in where danger becomes manifest that a criminal act is imminent."   
Lewis
, 84 Ill. App. 3d at 561-62.  Under the ordinance, that moment occurs when the purpose to engage in unlawful business is combined with soliciting that offense by way of words, gestures, or symbols.  

Even if a law does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague. The "void for vagueness" doctrine requires that an offense be defined (1) with sufficient definiteness to give persons of ordinary intelligence a reasonable opportunity to distinguish between lawful and unlawful conduct; and (2) in a manner that does not encourage arbitrary and discriminatory enforcement.  
Kolender v. Lawson
, 461 U.S. 352, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983).  The most important aspect of the vagueness doctrine is the requirement that minimal guidelines for law enforcement be established.  
Kolender
, 461 U.S. at 358, 75 L. Ed. 2d at 909,
 103 S. Ct. at 1858.  A regulation is not unconstitutionally vague merely because hypothetical situations can be imagined in which the meaning of some terms may be in question or because the regulation is susceptible to misapplication.  
Granite City Division of National Steel Co. v. Illinois Pollution Control Board
, 155 Ill. 2d 149 (1993).  Rather, a court considers the language used as well as the legislative objective and the evil the law is designed to remedy.  
People v. Meyers
, 158 Ill. 2d 46 (1994). 

Vagueness challenges to laws which do not involve first amendment freedoms must be examined in light of the facts of the case at hand.  
Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.
, 455 U.S. 489, 71 L. Ed. 2d 362, 102 S. Ct. 1186 (1982).  That is, the challenging party must show that the statute did not provide clear notice that his conduct was prohibited.  
People v. Garrison
, 82 Ill. 2d 444, 454 (1980).  In first amendment cases, however, a party may also argue that the law is unconstitutional on its face.  A law is considered unconstitutionally vague on its face if it is incapable of any valid application.  
Village of Hoffman Estates
, 455 U.S. at 494 n.5, 71 L. Ed. 2d at 369 n.5, 102 S. Ct. at 1191 n. 5; 
Bailey
, 167 Ill. 2d at 228.  Because the ordinance does not violate the first amendment, we need only determine whether it is vague as applied to the conduct for which defendants are being prosecuted.

Defendants argue that the word "solicitation" renders the ordinance vague as to those arrested for soliciting prostitution and the sale of false documents.  Specifically, defendants complain that they are unsure as to which gestures and symbols constitute solicitation.  Notably, defendants do not contend that those arrested for soliciting the sale of drugs did not know their conduct was prohibited.

Criminal acts cannot always be defined with absolute precision.  
People v. Burpo
, 164 Ill. 2d 261 (1995).  However, a law must convey "sufficiently definite warnings that can be understood when measured by common understandings and practices."  
Bailey
, 167 Ill. 2d at 229 (noting that, in the absence of a statutory definition, courts will assume that statutory words have their ordinary and popularly understood meanings).  Many Illinois statutes involve the offense of solicitation and have not been found to be unconstitutionally vague.  Defendants criticize the City for defining the term "soliciting" in a different way than it is used in criminal law.  The Criminal Code of 1961 defines "solicit" as "to command, authorize, urge, incite, request, or advise another to commit an offense."  720 ILCS 5/2-20 (West 1998).  In contrast, the ordinance applies to the person who solicits so that he can commit a crime.  However, the Criminal Code's definition of the crime of solicitation indicates that the act of soliciting is intentional behavior.  See also 720 ILCS 5/8-1 (West 1998) (defining the specific offense of solicitation as commanding, encouraging, or requesting another to commit a particular offense with the intent that the offense be committed).  "Solicit" has also been defined as "[t]o appeal for something; to apply to for obtaining something; to ask earnestly; to ask for the purpose of receiving; to endeavor to obtain by asking or pleading; to entreat, implore, or importune; to make petition to; to plead for; to try to obtain; *** [t]he term implies personal petition and importunity addressed to a particular individual to do some particular thing *** to command, authorize, urge, incite, request, or advise another to commit a crime."  Black's Law Dictionary 1392 (6th
 ed. 1990).  Thus, the definition of "solicit" is so well understood that no further definition of the ordinance is necessary.  See 
People v. Rice
, 383 Ill. 584 (1943) (upholding conviction of soliciting for a prostitute). 

For example, in 
Desnick v. Department of Professional Regulation
, 171 Ill. 2d 510 (1996), the defendant-physician was charged with soliciting professional patronage based on his practice of calling Medicare recipients to come to his clinic.  The court found that the statute was not unconstitutionally vague.  The court relied on the dictionary meaning of the term "solicit" and found it sufficient to notify physicians what conduct is prohibited.  Moreover, the court found that the term "solicit" combined with the phrase "professional patronage" clearly forbade physicians from initiating requests for business.  See also 
Curtis v. Thompson
, 840 F.2d 1291 (7th
 Cir. 1988) (court upheld statute prohibiting solicitation of the sale of residential real estate once a property owner gave an agent notice that he did not intend to sell the property, finding that real estate agents knew exactly what they could not do if they wanted to avoid prosecution even though the statute did not define the word "solicitation").  The ordinance's definition of the term "soliciting" is even more specific than that contained in the 
Desnick
 statute and other solicitation statutes.  See, 
e.g.
, 720 ILCS 5/11-15 (West 1998) (soliciting for a prostitute). 

Defendants urge us to consider 
People v. Maness
, No. 86463 (June 15, 2000), in which the Illinois Supreme Court recently struck down section 5.1 of the Wrongs to Children Act (720 ILCS 150/1 
et seq
. (West 1992)) as unconstitutionally vague.  Section 5.1 provides that a parent who knowingly allows or permits an act of criminal sexual abuse or criminal sexual assault upon his or her child under the age of 17 and fails to take "reasonable steps" to prevent its commission or future occurrences commits the offense of permitting the sexual abuse of a child.  720 ILCS 150/5.1 (West 1992).  The court held that the statute does not provide parents with notice of what "reasonable steps" they must take in order to comply with the statute and does not provide guidelines for authorities to follow in evaluating what "reasonable steps" are from case to case.  
Maness
, No. 86463, slip op. at 5-6 (June 15, 2000).  We find that the holding in 
Maness
 is not applicable to our void for vagueness analysis as it relates to the term "soliciting" in the ordinance.  A defendant might certainly be in a quandary as to what constitutes "reasonable steps," but would not face a similar ambiguity in deciding what is "soliciting."  

We agree with the City that the ordinance can be read to prohibit only language or gestures made with the intent to solicit unlawful business.  In 
Hoffman Estates
, the Court considered a vagueness challenge to a drug paraphernalia ordinance that made it unlawful to sell any items "designed or marketed for use with illegal cannabis or drugs" without first obtaining a license.  455 U.S. at 492, 71 L. Ed. 2d at 372, 102 S. Ct. at 1190.  The court found that the ordinance's use of the phrase "marketed for use" contained a scienter requirement.  The court recognized that "a 
scienter
 requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."  
Hoffman Estates
, 455 U.S. at 499, 71 L. Ed. 2d at 372, 102 S. Ct. at 1193.  Other jurisdictions have rejected vagueness challenges to criminal solicitation laws found to require an element of intent.  For example, in 
State v. Savio
, 186 Ariz. 487, 924 P.2d 491 (App. 1996), the court upheld an ordinance criminalizing the act of manifesting an intent to solicit prostitution upon finding that the ordinance contained a noninclusive list of certain lawful behavior that, in context, could give evidence of intent.  See also 
City of Tacoma v. Luvene
, 118 Wash. App. 826, 827 P.2d 1374 (1992) (upholding ordinance prohibiting loitering in a manner and under circumstances manifesting the purpose to engage in drug-related activity). 

Here, the ordinance contains the 
mens rea
 element of "purpose" to solicit unlawful business.  "Purpose" has been defined as: (1) something that one sets before himself as an object to be attained; (2) an end or aim to be kept in view in any plan, measure, exertion, or operation; (3) an object, effect, or result aimed at, intended, or attained; and (4) an action in the course of execution.  Webster's Third New International Dictionary 1847 (1986).  Therefore, the ordinance requires (1) standing, using or occupying a public way, or interfering with anyone on a public way; and (2) additional conduct (solicitation) that demonstrates a purpose to engage in unlawful business.  Only those people who consciously solicit in an effort to engage in illegal business activity fall within the ordinance's reach. 

Although defendants do not complain about the phrase "unlawful business" as it is applied to them, we find that the phrase is straightforwardly defined by the ordinance.  Defendants knew what they were accused of trying to sell and had fair warning that their conduct would be prosecuted.  Defendants also facially attack the ordinance, arguing that the phrase is unconstitutionally vague as applied to scalping tickets outside Wrigley Field.  We note that none of the complaints are based on this scenario.  At oral argument, the City maintained that the ordinance should be narrowly construed and that it does not apply to ticket scalping, zoning, or regulatory ordinances.  However, nothing in the ordinance suggests that a mobile hot dog vendor whose license has expired would not be liable for prosecution under the ordinance or that a seller of "Elvis" tapestries on the street in an R-1 (residential zoning) district would not be liable.  Would a building contractor who failed to obtain a permit be liable?  The City contends that because the phrase "unlawful business" is directed only at those criminal acts that may be described as a business, the selling of stolen goods or various criminal acts would be prosecuted, while criminal acts such as battery, theft, and sexual assault would not.  Again, we decline to comment on this issue, as it is not properly before the court. 

In any event, the phrase "unlawful business" is more precise than the phrase "for other than a lawful purpose," which has been upheld against vagueness attacks.  For example, in 
People v. Williams
, 133 Ill. 2d 449 (1990), the court rejected the defendant's argument that the phrase 'other than a lawful purpose' involved violations of administrative regulations or city ordinances and held instead that the phrase implies actions which violate the Criminal Code.  
Williams
, 133 Ill. 2d at 454; see also 
People v. Rogers
, 133 Ill. 2d 1 (1989).  However, the 
Landry
 court determined that the phrase "unlawful act" under the mob action statute does not inform the public of the prohibited conduct because its normal meaning is not limited to criminal illegality.  Rather, it includes a wide variety of conduct which might constitute a misdemeanor or "unlawful" conduct in a civil sense.  
Landry
, 280 F. Supp. at 955.  Although the 
Nance
 court did not reach the constitutional issue, the dissent cited 
Williams
 and argued that such phrases should be limited solely to violations of the Criminal Code.  
Nance
, 189 Ill. 2d at 151-52 (Heiple, J., dissenting).  Applying the holding in 
Williams
, we find that the phrase "unlawful business" applies to conduct that violates the Criminal Code and can be described as a business. 

Nor does the ordinance authorize arbitrary or discriminatory enforcement.  In 
Morales
, the United States Supreme Court struck down Chicago's gang loitering ordinance, which (1) required a police officer, upon observing a person whom he reasonably believed to be a gang member loitering in any public place with one or more persons, to order dispersal of all such persons; and (2) made the failure to obey such an order a violation.  The court held that the ordinance was impermissibly vague in part because it failed to establish minimal guidelines for law enforcement.  
Morales
, 527 U.S. at 60-63, 144 L. Ed. 2d at 82-84, 119 S. Ct. at 1861-62.  The court reasoned that because the ordinance required no harmful purpose, it applied to anyone who remained in one place with a suspected gang member as long as their purpose was not apparent to an officer.  The court noted that the ordinance required an officer to order dispersal of such persons without first inquiring into their possible purposes.  Here, however, the meaning of the term "solicitation" is not so vague that the ultimate decision as to its meaning is left to the "moment-to-moment judgment" of police officers.  Moreover, the ordinance requires an unlawful purpose. 

For the foregoing reasons and as set forth in the Appendix, we affirm the dismissal of the complaints against the following defendants: Otis Redmond (98 MCI 390894), Selena Olive (98 MCI 407623, 98 MCI 407648), Algie Woods (99 MCI 203623), Andre Barren (98 MCI 405451), and Nathaniel Plain (98 MCI 388442). Pamela Cox, Anthony McKinnie, and Shelton Moore are not included in the appeal.  Having found the ordinance to be constitutional, we reverse the trial court's dismissal of the other convictions.  Those 46 defendants and 49 case numbers are listed in a separate appendix at the end of this opinion.

Affirmed in part and reversed in part; causes remanded for further proceedings consistent with this opinion.

THEIS, P.J., and QUINN, J., concur.

APPENDIX
(footnote: 3)
Antwan Anderson 99 MCI 225349

William Baber 98 MCI 431220

Anthony Bagett 99 MCI 203024

Frederick Boyd 98 MCI 390458

Keith Burden 98 MCI 390667

Octavious Carroll 98 MCI 361614

Clarence Carter 98 MCI 390378

Alexander Crowder 98 MCI 404937

Jamie Daniels 98 MCI 402195

Omar Ellis 99 MCI 226806

John Fane 98 MCI 360893

Tywonn Fitzgerald 98 MCI 390459

Edwin Fontanez 98 MCI 410268

Katrina Green 99 MCI 200093

99 MCI 380714

98 MCI 380258

Sherman Harmon 98 MCI 403674

Marvin Hobson 98 MCI 430753

Darryl Holmes 98 MCI 315003

Derrick Holmes 99 MCI 225449

Doris Howard 98 MCI 380717

Ronnie Howard 99 MCI 203618

Vernon Howard 98 MCI 314662

Jacques Hunter 98 MCI 374614

William Ivy 98 MCI 388212

Karon Jackson 98 MCI 405604

Earl Larkins 99 MCI 225254

Isaac Lindsey 98 MCI 390072

Grady McGregory 98 MCI 431245

Gregory McHenry 99 MCI 203021

James Mitchell 99 MCI 203044

Derrick Moore 98 MCI 431028

99 MCI 225471

Linda Moore 98 MCI 380029

Nathaniel Plain 98 MCI 388442

William Powell 98 MCI 390302

Michael Purnell 99 MCI 227069

Erskine Ricks 98 MCI 404986

Frederick Simak 99 MCI 227639

Joseph Sims 98 MCI 431077

Jack Smith 98 MCI 431087

Alice Taylor 98 MCI 380718

Ricky Van 98 MCI 388682

Anthony Watkins 99 MCI 203481

Crystal Williams 98 MCI 380309

Demarco Williams 98 MCI 405141

Titus Withers 99 MCI 225116

Floyd Wormely 98 MCI 431212

Vernadino Zamora 99 MCI 203370

FOOTNOTES
1: 
The record does not contain the trial court's written findings.  As a result, it is unclear whether the court found the ordinance to be unconstitutional under the United States Constitution, Illinois Constitution, or both.  It is also unclear whether the court found the ordinance to be impermissibly vague on its face or as applied.

2: 
In 
Landry v. Daley
, 280 F. Supp. 938 (N.D. Ill. 1968), 
reversed in part on other grounds by
 
Boyle v. Landry
, 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758 (1971), the federal district court found the same provision of the mob action statute unconstitutionally vague and overbroad.  The court issued a permanent injunction against enforcement of the ordinance.  The statute was recently before the Illinois Supreme Court again in 
People v. Nance
, 189 Ill. 2d 142 (2000), which held that the federal injunction remained in effect and that it was bound by 
the district court's decision.
 

3: 
The City requests that we dismiss Selena Olive and Otis Redmond because they were not charged under the ordinance by the complaints in the record.  The City also asks that we dismiss Andre Barren because "no documents associated with that case are contained in the record on appeal."  A careful review of the record reveals that it contains Barren's complaint.  In any event, we grant the City's request as to these defendants.

The City correctly notes that case number 98 MCI 430753 is listed twice on the notice of appeal.    

Although Pamela Cox, Anthony McKinnie, and Shelton Moore are listed as defendants on the notice of appeal, their case numbers are not included in the notice.  The record contains no information on Cox and Moore.  The record contains some information on McKinnie, but the complaint is missing. Therefore, these defendants are not included in this appeal.

The complaints for Vernadino Zamora and Nathaniel Plain charge them with disorderly conduct and soliciting unlawful business.  However, the transcript from the hearing on defendants' motion to dismiss indicates that the disorderly conduct charges were dismissed.  Therefore, these defendants are properly included in this appeal.