SIXTH DIVISION

No. 1-01-1231

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

STEPHEN RUPPENTHAL,

Defendant-Appellant.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Carol Kipperman,

Judge Presiding.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Following a bench trial, the defendant, Stephen Ruppenthal, was convicted of two counts of indecent solicitation of a child and was sentenced to two years of probation.  Ruppenthal was arrested at O'Hare International Airport in Chicago after communicating on the Internet with a person whom he believed to be a 14-year-old girl named "Stacy," but who was actually a Cook County sheriff's detective.  On appeal, defendant first argues that because he did not in fact solicit a minor but instead communicated with an adult, he should not have been charged with indecent solicitation of a child under section 11-6 of the Criminal Code of 1961 (the Code) (720 ILCS 5/11-6 (West 2000)).  He asserts that section 11-6 of the Code is unconstitutional and represents an improper exercise of state power because prohibiting the solicitation of an adult by another adult who mistakenly believes the object of the solicitation is a minor is not causally related to the protection of children.  In addition, defendant claims that Illinois courts lack jurisdiction to adjudicate his case because he communicated with "Stacy" via computer from California.  For the reasons stated below, we affirm defendant's conviction.

Prior to trial, defendant moved to dismiss the indictment based upon the same arguments that he now raises on appeal, and his motions were denied.  The following facts were presented at a stipulated bench trial.  On April 26, 2000, Cook County sheriff's detective Michael Anton logged onto a Internet site titled "sex" and assumed the identity of a 14-year-old girl named "Stacy."  Defendant
, who was 53 years old and lived in Tomales, California, communicated privately with "Stacy" for about two hours using his home computer.  The State entered into evidence a transcript of their on-line conversation, which is included in the record.  

We relate only the pertinent portions.  Defendant told "Stacy" that he was 46 years old.  "Stacy" replied that she would "be 15 real soon."  Defendant said his flight would stop in Chicago the following day and suggested they meet at O'Hare and "find a private place and be together."  Defendant said he wanted to rub her chest and vagina and that they "would find a place in the airport without many people and sit together" and they could be under a blanket so no one would see what they did.  Defendant told "Stacy" his flight number and asked her to meet him at his gate.  Defendant said that if she was ready tomorrow, they could "find a place," perhaps a restroom, where he could put his penis in her vagina; he later stated, "I can't promise we can do it.  It will depend if we can find a place."  "Stacy" told defendant her last name was Hugh and she would wear her school uniform. 

When defendant arrived at O'Hare, a female sheriff's detective dressed as "Stacy" met him at his gate.  The female detective approached defendant and said his name.  Defendant replied, "Yes, I thought it was you, but I wasn't sure.  It's good that you wore your uniform.  Then I knew it was you."  After further conversation between the female detective and defendant, Detective Anton asked defendant who he was meeting.  Defendant said he was meeting Stacy Hugh.  Defendant was placed under arrest.  After his arrest, defendant told Anton and a prosecutor that he thought "Stacy" was "about 15" years old.  The remainder of defendant's statement was consistent with the evidence presented at trial.  The trial court convicted defendant of two counts of indecent solicitation of a child with the intent to commit aggravated criminal sexual abuse,
 pursuant to section 11-6(c)(3) of the Code (720 ILCS 5/11-6(c)(3) (West 2000)).  Those 
counts were premised upon defendant's stated intent to touch the vagina of a minor child.  The trial court acquitted defendant on a third count of indecent solicitation, stating that although the parties stipulated that defendant had suggested sexual intercourse, defendant's intent on that issue "seem[ed] to be unresolved." 

On appeal, defendant first challenges the constitutionality of the statute under which he was convicted, arguing 
that the law violates his "first amendment right to freedom of thought and belief."  He asserts
 
that his conviction was "a function of one element only – his belief that he was speaking to a child" and that the only act that accompanied his belief was the communication with Detective Anton, an adult.  Defendant claims that because he did not commit an illegal act, he was punished only for his "bad state of mind."
(footnote: 1)   

Section 11-6 of the Code provides:

"A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child 
or one whom he or she believes to be a child
 to perform an act of sexual penetration or sexual conduct as defined in Section 12-12 of this Code."  (Emphasis added.)  720 ILCS 5/11-6(a) (West 2000).

The statute defines "solicit" as:

"to command, authorize, urge, incite, request, or advise another to perform an act by any means including, but not limited to, in person, over the phone, in writing, by computer, or by advertisement of any kind."  720 ILCS 5/11-6(b) (West 2000).    

"Child" is defined as "a person under 17 years of age."  720 ILCS 5/11-6(b) (West 2000).

The criminal act defined by the statute is knowingly soliciting a child or one believed to be a child to perform an act of sexual penetration or sexual conduct, with the intent that the conduct be committed.  720 ILCS 5/11-6(a) (West 2000).
  The offense of solicitation is complete when the principal offense is commanded, encouraged or requested with the intent that it be committed.  
People v.
 Edwards
, 243 
Ill. App. 3d
 280, 289, 611 
N.E.2d 1196, 1202 (1993) (discussing solicitation to commit murder);
 see also 
People v.
 Schnurr
, 206 
Ill. App. 3d
 522, 533, 564 
N.E.2d 
1336, 1344 (1990).  
"Whether or not the actual crime took place is meaningless under the applicable statute. (Ill. Rev. Stat. 1991, ch. 38, par. 8-1 [now 720 ILCS 5/8-1 (West 2000)]).  Defendant's offense was complete when the words at issue were spoken. ***"  
Edwards
, 243 
Ill. App. 3d
 at 289, 611 
N.E.2d 
at 1202. 

Defendant argues that although he intended to commit a sexual act with a child, he committed no crime by speaking words of solicitation to an adult.  We disagree.  Defendant is being punished for his intent to engage in sexual activity with someone he admittedly believed to be under the age of 17 and his solicitation of that activity.  
The fact that defendant's words were transmitted to an adult does not negate defendant's belief that he was speaking to a minor, which is the culpable act defined by the statute.
(footnote: 2)  The specific intent required to prove the elements of the offense of solicitation can be inferred from the surrounding circumstances and acts of the defendant.
  
People v.
 Lewis
, 84 
Ill. App. 3d
 556, 561, 406 
N.E.2d 
11, 15 (1980).
  Defendant's trip to Illinois for the admitted purpose of meeting a girl he knew to be "about 15" exhibited his intent to engage in the sexual activity discussed on the Internet.
  

Regarding defendant's attempt to claim first amendment protection for the substance of his on-line conversation with "Stacy," the element of criminal intent 
"transforms mere recitation of 'loose' words which may mandate first amendment protection into the offense of solicitation."  
Lewis
, 
84 
Ill. App. 3d
 at 561, 406 
N.E.2d 
at 15.  It would be impossible for the act of s
olicitation to occur without the exchange of words between offender and victim, and defendant's "beliefs" and his discussions with children or those he believes to be children regarding sexual activity do not rise to the level of constitutionally protected speech.  See, 
e.g.
, 
City of Chicago v. Powell
, 315 
Ill. App. 3d
 1136, 1145-46, 735 
N.E.2d 119, 126-27 (2000); 
People v.
 Bailey
, 167 
Ill. 2d
 210, 227, 657 
N.E.2d 
953, 961 (1995) (in stalking case, "[w]here speech is an integral part of unlawful conduct, it has no constitutional protection"); 
People v.
 Williams
, 133 
Ill. 2d
 449, 457, 551 
N.E.2d 
631, 634 (1990) (in case involving child abduction statute, the State may "validly proscribe the luring or attempted luring of children into motor vehicles for criminal purposes, although that attempt may involve speech").  

The 
Williams
 court further discussed the necessarily inchoate nature of the child abduction statute:

"[T]he luring or attempted luring of a child into an automobile for a criminal purpose is in no way protected by the first amendment.  ***  Once a child is taken into a vehicle and whisked away by a person harboring a criminal motive, it becomes exceedingly difficult, if not impossible, for law enforcement personnel to intervene for the protection of the child.  The State undoubtedly has broad powers to avert such potentially dangerous situations."  
Williams
, 133 
Ill. 2d
 at 457, 551 
N.E.2d 
at 634.  

That principle also can be applied to the indecent solicitation statute.
  Furthermore, we reject defendant's protests that he was the victim of a Cook County sheriff's department "thought patrol" that polices beliefs that defendant contends are "beyond the reach of the legislature."  Officers did not invade defendant's home during his on-line conversation with "Stacy" and arrest him based upon the contents of that conversation.  Indeed, hundreds of similarly inappropriate exchanges undoubtedly take place every day on the Internet.  Those discussions, although disturbing, are not illegal if not acted upon.  Defendant, however, demonstrated his intent to commit the sexual acts by traveling to Illinois to meet "Stacy," whom he believed to be under the age of 17, at an arranged time and place.  See 
People v.
 Patterson
, 314 
Ill. App. 3d
 962, 969-70, 734 
N.E.2d 
462, 468 (2000) (State proved defendant's specific intent to commit aggravated criminal sexual abuse by his arrival at agreed place and time and his admission that he was waiting for minor boy with name that detective assumed on Internet).  Defendant's behavior is sufficient to support his conviction for indecent solicitation of a child.        
 

Defendant next contends that section 11-6 of the Code represents an improper exercise of the Illinois legislature's power because prohibiting discussion of sexual activity between adults, as occurred between defendant and Detective Anton on the Internet, is not causally related to the protection of children.  Defendant's assertion is premised on his flawed argument that it is not illegal for an adult to ask another adult, whom the perpetrator believes to be a child, to commit a sex act.  As already discussed, that is precisely the behavior that section 11-6 prohibits, when it is coupled with the intent to engage in sexual activity.  

The Illinois Constitution empowers the legislature to define conduct that constitutes a crime and determine the nature and extent of the punishment for that offense.
  
People v.
 Lombardi
, 184 
Ill. 2d
 462, 468-69, 705 
N.E.2d 
91, 95 (1998).  T
he State of Illinois has a legitimate interest in protecting minor children from the indecent solicitation of sex acts by adults.  If defendant had actually discussed sexual activity with a willing 14- or 15-year-old girl who agreed to meet him at the airport, the police could not likely intervene before actually catching defendant and the girl in the unlawful behavior.  
As with the child abduction statute in 
Williams
, if an adult and a minor discuss sexual activity and the adult displays the intent to engage in that activity, it is virtually impossible for law enforcement to prevent such a crime from occurring unless the legislature treats it as an inchoate offense.

Defendant again questions the legislature's ability to classify his belief that he was speaking to a minor into "an element to be proved by the prosecution."  He 
argues that the State does not normally concern itself with a defendant's belief, and that "all that mattered was whether the defendant's act[] constituted an offense."  The Illinois legislature defined the offense of indecent solicitation of a child as requiring the specific intent to engage in the indecent conduct that is solicited by the defendant.  Defendant admitted that he thought he was speaking to a minor.  Defendant's arguments are without merit.    

Defendant's final contention is that the trial court lacked jurisdiction over this case because the words of solicitation were spoken in California, not in Illinois.  He cites section 1-5 of the Code (720 ILCS 5/1-5 (West 2000)), which defines state criminal jurisdiction and states in relevant part:  

"(a) A person is subject to prosecution in this State for an offense which he commits, while either within or outside the State, by his own conduct or that of another for which he is legally accountable, if:

(1) the offense is committed either wholly or partly within the State; or

(2) the conduct outside the State constitutes an attempt to commit an offense within the State[.]

* * *

(b) An offense is committed partly within this State, if either the conduct which is an element of the offense, or the result which is such an element, occurs within the State."  720 ILCS 5/1-5(a), (b) (West 2000).

Defendant argues that the crime with which he is charged was not committed wholly or partly within Illinois because the only element of the offense of indecent solicitation of a child – the utterance of words of solicitation – occurred in California.  He claims that the prosecution did not have to prove that his words of solicitation were communicated to an Illinois resident and that therefore no part of the offense took place in Illinois.       

Both defendant and the State cite 
People v.
 Baker
, 268 
Ill. App. 3d
 16, 643 
N.E.2d 
286 (1994), which we find supports the State's position.  In 
Baker
, the defendant was charged with making a harassing telephone call from Ohio to an individual in Illinois.  
Baker
, 268 
Ill. App. 3d
 at 16, 643 
N.E.2d
 at 287.  Based upon section 1-5(b) (720 ILCS 5/1-5(b) (West 2000)), which gives Illinois jurisdiction over a crime if the conduct or the result occurs within the state, the 
Baker 
court held that because the alleged result of the conduct was harassment in Illinois, the offense was committed partly in Illinois, and jurisdiction was proper here.  
Baker
, 268 
Ill. App. 3d
 at 17, 643 
N.E.2d 
at 287.  The court noted Illinois' "valid public interest in protecting people in Illinois from harassing telephone calls originating outside the State."  
Baker
, 268 
Ill. App. 3d
 at 17, 643 
N.E.2d 
at 287.  

Defendant asserts that the solicitation statute defines the offense only in terms of culpable conduct and not as to any result, and therefore jurisdiction is only proper where the words of solicitation were spoken.  However, defendant's crime is distinguishable from a conduct-based offense such as gambling outside Illinois, as in 
Cie v. Comdata Network, Inc.
, 275 
Ill. App. 3d
 759, 656 
N.E.2d
 123 (1995), on which defendant partially relies.  Al
though 
the offense of solicitation is complete upon the utterance of words of solicitation, no solicitation can occur unless the offending words are heard by another person.
  Defendant attempted to solicit sexual activity with a girl under the age of 17 living in Illinois, and he traveled to Illinois with the admitted intent of engaging in the sexual acts.
  The result of defendant's solicitation brought him within Illinois' borders. 
 
As with the telephone harassment discussed in 
Baker
, Illinois has a valid public interest in protecting minor children in this state from individuals who seek underage sexual partners using the Internet.  We find that Illinois had proper jurisdiction over this case.   

For all of the foregoing reasons, we affirm defendant's conviction and sentence.  As part of this judgment, we grant the State's request to assess defendant $100 as costs for this appeal.

Affirmed.

FOOTNOTES
1: Defendant finds "troubling" the State's method of proving that he believed he was speaking to a minor.  However, defendant 
admitted to police that he thought "Stacy" was about 15 years old. 

2: 
In discussing its solicitation law, which was modeled on the Illinois statute, the Montana Supreme Court noted that "the status of the person solicited is neither an element of nor a defense to the crime of solicitation."  
State v. Sage
, 255 Mont. 227, 229, 841 P.2d 1142, 1143 (1992).