THIRD DIVISION
November 7, 2007

No. 1-06-2501

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 18452 |
| | ) | |
| JAMES LEONARD, | ) | Honorable |
| | ) | David P. Sterba, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant James Leonard was convicted of indecent solicitation of a child and sentenced to three years' imprisonment. On appeal, defendant asserts that neither his identity as the offender nor his intent to engage in sexual conduct with a child was proven beyond a reasonable doubt. He also contends that his sentence was excessive. We affirm.

James Schweitzer testified that he was a volunteer for an online organization called "Perverted-Justice.com." As part of his work for that organization, Schweitzer would attempt to identify adults who use the Internet to contact children for inappropriate sexual conversations or sexual encounters. On October 15, 2003, Schweitzer created a fictitious online member profile on the Yahoo.com Internet website. In that profile,

1-06-2501

Schweitzer represented himself as a 13-year-old girl from Oak Park with the username "Baby_Cakes_1990."  He also posted a picture matching that description.  He then used this member profile to enter a public Chicago regional "chat room."

Schweitzer soon began a conversation with someone with the username "JLeno9@yahoo.com," whereupon he suggested that the two continue the conversation via a private instant messenger program.  Schweitzer made this suggestion because it would allow him to activate an archiving function that would keep a log of the conversation.  In the online conversation, JLeno9 identified himself as Jim, a married man living in the south Chicago suburbs.  Schweitzer again confirmed his assumed identity as a 13-year-old girl from Oak Park.

JLeno9 began commenting on how attractive he found Baby_Cakes_1990 and asked her to send him another photo. Schweitzer complied, and in turn JLeno9 sent two photos of himself in various stages of undress from a Comcast.com e-mail address.  JLeno9 also told Baby_Cakes_1990 that he wanted her to pose nude for him and wanted to engage in oral sex with her.  The two began discussing how to arrange a meeting.

JLeno9 eventually provided his home and cell phone numbers, and Baby_Cakes_1990 stated that she would call him.  JLeno9

should answer both calls "hey becka" to confirm his identity. Schweitzer testified that his wife then placed a phone call to each number, and each time a man answered "hey becka." At that point, Schweitzer ended the conversation by informing JLeno9 that his name, telephone numbers, photo, and a transcript of the online chat log would soon be posted on Perverted-Justice.com's website.

Schweitzer posted a copy of the chat on the group's website, but did not immediately contact the police because at the time his organization did not have a policy to do so. He subsequently contacted the Orland Park police department and gave them a copy of the chat log. The police thereafter made a copy of the entire contents of his computer hard drive for use in their investigation.

Schweitzer also acknowledged that he provided the police with two versions of the online chat log. One was the text-based file that he had initially provided and which included some additional commentary. This version also indicated that the online conversation had occurred between 9:23 and 9:53 p.m. on October 15, 2003. The other version was a copy of the chat log that the police pulled directly from his hard drive and was completely unaltered. However, that version indicated that the

conversation had occurred exactly one hour earlier. Schweitzer explained that the time-stamp on the first document was provided by an offsite server located in another time zone, while the time-stamp on the latter document was provided by his personal computer and was set to the local time.

Schweitzer could not explain why the Perverted-Justice.com website seemed to indicate that the chat log had been posted on October 15, 2003, at 5:41 Pacific Time. He explained that the server for the website was located in Portland, Oregon, and he had no control over whether that computer was properly calibrated or properly accounted for, among other things, daylight savings time.

Schweitzer's wife, Tobi Steinmetz, testified consistently with her husband. She also indicated that the man she spoke to on the telephone confirmed that he was "serious" about arranging a meeting.

Detective Dennis Pratl of the Orland Park police department testified that he first became involved in this case when he received an anonymous phone call directing him to the Perverted-Justice.com website. He read the chat log posted on the website, along with additional information indicating that JLneno9 was actually defendant. Pratl unsuccessfully attempted to engage

defendant in an online chat and later met with Schweitzer and received the text-based copy of the chat log, as well as copies of the two photos defendant had sent.

Pratl obtained a search warrant for defendant's home, in part, to secure a particular camera that he believed had been used to take the photos. The camera was not located, but four computers were recovered. Pratl and Detective Anthony Balzanto of the Tinley Park police department subsequently obtained a complete copy of the hard drive in Schweitzer's computer.

Detective Balzanto was declared an expert in computer forensics and confirmed that he obtained a copy of Schweitzer's hard drive. He stated that he recovered what appeared to be an unaltered copy of the October 15, 2003, online chat log.

The parties stipulated that Special Agent Darrin Kimes of the United States Secret Service was an expert in forensic computer examination and had analyzed the computers recovered from defendant's home. His search for the username JLeno9 yielded an e-mail addressed to "JLeno9@hotmail.com." The parties also stipulated that the two telephone numbers provided by JLeno9 during the online chat were both registered to defendant.

The trial court accepted into evidence two copies of the online chat log, the two photographs of defendant, and a

certified copy of defendant's birth certificate establishing that he was over the age of 17 on October 15, 2003. The court also accepted a letter from Yahoo.com indicating that, as of May 23, 2004, it had no information regarding a "JLeno9" and a letter from Comcast.com indicating that defendant had a number of Comcast.com e-mail addresses registered in his name. Lastly, defendant entered into evidence a printout of a portion of the Perverted-Justice.com website, which indicated that defendant was "busted" by Schweitzer at "10/15/2003 5:41 PM PST."

Defendant was found guilty of indecent solicitation of a child. After considering arguments and evidence in aggravation and mitigation, including defendant's lack of any criminal history and his long-time employment as a high school teacher, the trial court sentenced defendant to three years' imprisonment.

On appeal, defendant first argues that the State failed to sufficiently establish either his identity as the offender or his intent to engage in sexual conduct with a child. We disagree.

When presented with such a challenge, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. People v. Collins, 106 Ill. 2d 237, 261 (1985). We do not substitute our judgment for

the trial court's on such issues as the weight of the evidence, the conflicts presented by the evidence, and the credibility of the witnesses. Collins, 106 Ill. 2d at 261-62. Moreover, it is for the trial judge to draw reasonable inferences from the evidence before it in a bench trial and it is not our role to retry a defendant. People v. Slim, 127 Ill. 2d 302, 307 (1989); People v. Aguilar, 366 Ill. App. 3d 341, 343 (2006). A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. Collins, 106 Ill. 2d at 261. Despite defendant's argument to the contrary, this standard applies whether the evidence is direct or circumstantial. People v. Cooper, 194 Ill. 2d 419, 431 (2000).

Section 11-6(a) of the Criminal Code of 1961 (Code) defines the offense of indecent solicitation of a child a follows:

"(a) A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse

be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12-12 of this Code." 720 ILCS 5/11-6(a) (West 2002).

"Child" is further defined as a person under 17 years of age and "solicit" is defined as "to command, authorize, urge, incite, request, or advise another to perform an act by any means including, but not limited to, in person, over the phone, in writing, by computer, or by advertisement of any kind." 720 ILCS 5/11-6(b) (West 2002). Section 12-12(f) of the Code includes oral sex in its definition of "sexual penetration." 720 ILCS 5/12-12(f) (West 2002). Furthermore, oral sex with between a person 13 to 17 years of age and another at least 5 years older constitutes aggravated criminal sexual abuse. 720 ILCS 5/12-16(d) (West 2002).

Defendant makes a number of arguments in support of his position. He contends that the State never proved that he had exclusive control of the computer equipment in his home and notes that the search of his home did not yield the camera the police believed had taken the photos e-mailed to Schweitzer. He notes that the only reference to "JLeno9" found on his computer

equipment was with regard to a Hotmail.com e-mail address, and that Yahoo.com itself did not have any record of such a username. He also notes the discrepancies in the time-stamps on the two chat logs provided to the police, along with the time of the "bust" indicated on the Perverted-Justice.com website. He also distinguishes this case from two prior cases where intent was proven by evidence that the offenders were arrested at a set time and place, expecting to meet a minor for sex. See People v. Ruppenthal, 331 Ill. App. 3d 916, 921 (2002); People v. Arndt, 351 Ill. App. 3d 505, 513-15 (2004).

First, we reject defendant's reading of the Ruppenthal and Arndt decisions. Both cases recognized that the "specific intent required to prove the elements of the offense of solicitation can be inferred from the surrounding circumstances and acts of the defendant." Ruppenthal, 331 Ill. App. 3d at 920; Arndt, 351 Ill. App. 3d at 513. To be sure, in those cases the courts relied on the defendants' appearance at an agreed time and place as a demonstration of their intent to engage in sexual acts with minors. However, neither court required evidence of that specific action, and the Arndt court specifically looked to other evidence to support a finding of intent. Ruppenthal, 331 Ill. App. 3d at 920; Arndt, 351 Ill. App. 3d at 513-14.

In this case, the State presented more than enough evidence to establish both defendant's identity and his intent.  See People v. Waters, 260 Ill. App. 3d 969, 974-75 (1994) (identity may also be established by circumstantial evidence).  As to his identity, in the online chat JLeno9 identified himself as a married man named Jim living in a south Chicago suburb.  Defendant's name is James Leonard, he is married, and he lives in Orland Park.  An e-mail sent to a "JLeno9," albeit one addressed to a Hotmail.com and not a Yahoo.com account, was found on defendant's computer.  Two photos that the trial court specifically found to be of defendant were sent from a Comcast.com e-mail address, and defendant had a number of Comcast.com e-mail accounts registered in his name.  Moreover, JLeno9 provided two of defendant's telephone numbers to Schweitzer, and when those two numbers were called, a male voice immediately answered with the phrase provided in the online chat.

The State also established defendant's intent to engage in oral sex with someone he believed to be a child.  The profile for Baby_Cakes_1990 indicated she was a 13-year-old girl and during the online chat Schweitzer confirmed this identity.  Defendant sent nude photos of himself and clearly stated his desire to take nude photos of Baby_Cakes_1990 and engage in oral sex with her.

He provided two telephone numbers and answered two telephone calls with the requested phrase in an effort to arrange a meeting for sex. Defendant also confirmed that he was "serious" about the meeting.

In sum, we have no doubt that the State adequately proved both defendant's identity and intent. We certainly cannot say that the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt. Collins, 106 Ill. 2d at 261.

Defendant next contends his prison sentence was excessive in light of his lack of criminal history. While we agree with the State that defendant waived this issue by failing to file a motion to reconsider his sentence, we will nevertheless address defendant's claim. People v. Ford, 368 Ill. App. 3d 271, 277 (2006).

When a defendant challenges his sentence on appeal, we generally defer to the trial court's judgment because it had the opportunity to observe the proceedings and is therefore in a better position than a reviewing court. People v. Stacey, 193 Ill. 2d 203, 209 (2000). Accordingly, we review the trial court's sentencing determination against an abuse of discretion standard and will reverse a sentence within the prescribed

statutory limits only if it varies with "the spirit and purpose of the law" or is "manifestly disproportionate to the nature of the offense." Stacey, 193 Ill. 2d at 210.

Defendant was convicted of a Class 3 felony, which was punishable by two to five years' imprisonment. 720 ILCS 5/11-6(c) (West 2002). The record shows that the trial court was aware of the defendant's lack of criminal history and balanced this against the nature of the offense and the fact that he had been a school teacher. The court also found that a period of probation would depreciate the seriousness of defendant's conduct. The three-year sentence ultimately imposed falls within the statutory range and does not represent an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

THEIS, J., and CUNNINGHAM, J., concur.