THIRD DIVISION
June 7, 2006

No. 1-05-1236

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ROSA AGUILAR, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, defendant, Rosa Aguilar, was convicted of loan fraud

(720 ILCS 5/16H-30 (West 2004)) and sentenced to two years' probation. On appeal,

defendant contends that the State failed to prove her guilty beyond a reasonable doubt

by failing to present evidence of her specific intent to defraud.

The evidence adduced at trial demonstrated that, in April 2004, defendant and

her brother met with Maria Garcia, a loan officer at Bank One, in order to secure a

refinance loan for $144,500. On the loan application, defendant listed "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" as

her social security number. While the loan request was being processed, a member of

the Bank One security department suspected that defendant presented a fraudulent

security number and called the police indicating the same. Further investigation by the Social Security Administration Office of the Inspector General revealed that there was no valid social security card issued under defendant's name and birth date. In May 2004, defendant and her brother attended a closing for the loan, where they each completed a proof of identity affidavit. Defendant submitted a social security card bearing the number "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" and her driver's license reflecting the same social security number and signed the affidavit. The police were aware of the closing and arrested defendant upon her completion of the affidavit.

Detective Edward Record testified that, after being read the <u>Miranda</u> warnings, defendant admitted that her social security card was "fake" and "illegal," and that she purchased it 11 years prior. She stated that she never used the social security card for employment. Record confiscated the social security card, two driver's licenses, defendant's Hyatt Hotel employee card and her health club card. Record returned all of the documents, except for the social security card, to defendant after making copies.

Defense counsel made a motion for directed finding of acquittal, arguing, *inter alia*, that there was insufficient evidence of defendant's intent to defraud. In denying the motion, the trial court stated:

"I've heard the evidence thus far. I find the witnesses who testified *** to be credible.

Banks, even though in this case the bank didn't actually lose any money and there appeared to be sufficient collateral for a loan, they have

an absolute right to know who their borrowers are and know who they are dealing with and loaning large amounts of money to.

In this case the [s]ocial [s]ecurity number was a part of the application, and it appears that it was a necessary part, and that this loan obviously would not have been approved or gotten even to first base without a [s]ocial [s]ecurity number.

[Defendant] had a phony [s]ocial [s]ecurity card that she admitted to the police that she knew was phony, that she bought on the street and was using it *** for purposes of this loan.

I notice that there is a driver's license, as well, that has that [s]ocial [s]ecurity number. I believe this is what the statute had in mind. I do believe that at this stage of the trial the Government has met their burden of proof."

The defense subsequently rested its case. In closing argument, defense counsel argued that, at most, the State demonstrated that defendant committed attempted loan fraud. In response, the trial court stated:

"Well, I don't believe that this was just an attempt. This was actually done.

The papers were filled out. It was more than an attempt. She actually had done the deed. I believe the Government has met their burden of proof beyond a reasonable doubt."

Defendant was found guilty of loan fraud and sentenced to two years' probation.  This timely appeal followed.

Defendant contends that the State failed to prove her guilty beyond a reasonable doubt by failing to present evidence of her specific intent to defraud.  The State responds that it sufficiently proved its case by presenting evidence that she "purposefully supplied a fake social security card" to the bank in order to obtain the desired loan.

When reviewing the sufficiency of the evidence, it is necessary to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  (Emphasis in original.)  Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).  It is not the function of this court to retry the defendant or substitute our judgment for that of the trial court.  See People v. Evans, 209 Ill. 2d 194, 209, 808 N.E.2d 939, 947 (2004).  The trier of fact assesses the credibility of the witnesses, determines the appropriate weight of the testimony and resolves conflicts or inconsistencies in the evidence.  Evans, 209 Ill. 2d at 211, 808 N.E.2d at 948-49.  In order to overturn the judgment, the evidence must be "so unsatisfactory, improbable or implausible" to raise a reasonable doubt as to the defendant's guilt.  People v. Slim, 127 Ill. 2d 302, 307, 537 N.E.2d 317, 319 (1989).

A defendant is guilty of loan fraud when the State proves beyond a reasonable doubt that "the person knowingly, with intent to defraud, makes any false statement or

report *** for the purpose of influencing in any way the action of a financial institution to act upon any application *** or loan, or any change or extension of any of the same, by renewal *** or otherwise." 720 ILCS 5/16H-30 (West 2004). Intent to defraud is a question of fact, which may be proved by circumstantial evidence and inferred from the facts and circumstances surrounding the transaction. See People v. Moran, 260 Ill. App. 3d 154, 160-61, 632 N.E.2d 1115, 1119 (1994) (describing specific intent to defraud as an element of theft by deception); see also People v. Schwartz, 222 Ill. App. 3d 1041, 1048, 584 N.E.2d 873, 877 (1991) (describing specific intent to defraud as an element of aggravated home repair fraud); People v. McManus, 197 Ill. App. 3d 1085, 1096, 555 N.E.2d 391, 399 (1990); People v. Rolston, 113 Ill. App. 3d 727, 731, 448 N.E.2d 965, 967-68 (1983).

In the instant case, defendant presented a false social security number, that she admitted was illegally purchased, in order to secure a loan. Contrary to defendant's belief that the trial court presumed intent to defraud absent evidence, the record demonstrates that the court was presented with sufficient circumstantial evidence to prove defendant's intent. Defendant focuses on the fact that her brother cosigned the loan, that there was no evidence that she used the false social security number to defraud in the past and that there was no evidence presented that she had defaulted on the original mortgage or planned on defaulting on the refinanced loan. The statute, however, does not require evidence that the defendant intended to fail to repay the loan (see 720 ILCS 5/16H-30 (West 2004)). The American Heritage Dictionary defines

defraud as "to take something *** by fraud" and "to cheat."  American Heritage Dictionary 364 (3d ed. 1997).  The evidence clearly showed that defendant presented a false social security number to secure a loan that she would not have obtained without that number.  Defendant presented fraudulent information with the intent to receive a subsequent loan.

Furthermore, we agree with the trial court that this activity was what the legislature had in mind when creating this statute.  The legislature stated:

"It is the public policy of this State that the substantial burden placed upon the economy of this State resulting from the rising incidence of financial crime is a matter of grave concern to the people of this State who have a right to be protected in their health, safety and welfare from the effects of this crime."  720 ILCS 5/16H-5 (West 2004).

Regardless of whether defendant intended to repay the loan, defendant's actions would have had an economic effect on the public while that loan was outstanding.  Banks assess their risk based upon information such as that supplied by a social security number.  Protecting this right of banks is exactly what the legislature designed this statute to accomplish.  Therefore, we find that a rational trier of fact could have found that defendant committed all of the elements of loan fraud beyond a reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

THEIS and ERICKSON, JJ., concur.