# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-3164

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Richard Patrick Cole, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 10, 2001
Filed: August 17, 2001

_____

Before HANSEN and BYE, Circuit Judges, and MELLOY,[1] District Judge.

_____

HANSEN, Circuit Judge.

A jury found Richard Patrick Cole guilty of transporting a minor in interstate commerce with the intent that the minor engage in illegal sexual activity, in violation of the Mann Act, 18 U.S.C. § 2423(a) (1994). Cole appeals his conviction, arguing that there was insufficient evidence to support the conviction and that the United States

_____

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, sitting by designation.

District Court for the Western District of Arkansas was not the proper venue for his prosecution. We affirm Cole's conviction.

I.

Cole befriended a 14-year-old girl (we will call her "M.S.") at a neighborhood pick-up basketball game in 1997, and their relationship developed into a sexual one. Cole was 32 years old at the time. After receiving a complaint filed by Cole's roommate, the Arkansas Department of Human Services (DHS) investigated the sexual relationship, which M.S. denied. Cole took M.S. from school and left Arkansas in March 1998 shortly after the DHS investigation. M.S. was missing for three weeks until she returned to her father's home in Texas. Cole and M.S. continued their daily sexual relationship during the three-week trip.

A few days after dropping M.S. off near her father's home, Cole again contacted M.S. while she shopped with her stepmother at a Jacksonville, Texas, store. M.S. sneaked out of the store and again left with Cole without informing her parents. The two went to Las Vegas, Nevada, where they lived together and continued their sexual relationship from April until August 1998. Neither Cole nor M.S. contacted M.S.'s family during that time. Nevada authorities located M.S. in Las Vegas and placed her in a protective children's home until her mother could come from Arkansas to get her. Cole was charged with contributing to the delinquency of a minor in Fort Smith, Arkansas, Municipal Court. He appeared in that court on October 1, 1998, and pleaded guilty to the charges. Cole received a suspended sentence, fines, and a "No Contact" order, prohibiting him from contacting M.S. or her family.

Immediately following the sentencing and in contravention of the no-contact order, Cole left the courthouse, went looking for M.S., and found her at a laundromat with her sister. Once again, M.S. left with Cole without informing her family of her whereabouts. They went to California with a friend of Cole's who had driven to

2

Arkansas with Cole for his court appearance. They stopped in Kingman, Arizona, on the way to California, where Cole and M.S. resumed their sexual relationship. After a brief stay in California, they returned to Las Vegas for a few days and then, at M.S.'s suggestion, went to Florida. Cole and M.S. were located at Disney World in Orlando, Florida, and taken into custody on October 21, 1998. Cole was extradited back to Arkansas and M.S.'s mother went to Florida to retrieve M.S. Cole was charged with interference with custody in Arkansas state court and charged with violation of the Mann Act in the United States District Court for the Western District of Arkansas.

Cole filed a motion to dismiss the Mann Act charges based on double jeopardy and improper venue, both of which were denied. A jury convicted Cole on the Mann Act charges and the district court[2] denied Cole's motion for acquittal. Cole appeals the denial of these motions.[3]

## II.

Under the Mann Act, "[a] person who knowingly transports any individual under the age of 18 years in interstate or foreign commerce . . . with intent that such individual engage . . . in any sexual activity for which any person can be charged with a criminal offense . . . shall be fined . . ., imprisoned . . ., or both." 18 U.S.C. §

---

[2]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[3]Cole's counsel appeals the denial of the motion to dismiss only as to the venue issue. Cole filed a supplemental pro se brief, raising the double jeopardy argument and also arguing that his constitutional right to due process was violated because the government was not required to prove that he knew that M.S. was under age 18. "It is not our practice to consider pro se briefs filed by parties represented by counsel." United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998). We abide by that practice today, as the issues raised in Cole's pro se brief lack merit.

3

2423(a). The indictment charged that Cole "did knowingly transport in interstate commerce, a female who was under the age of 18 years, from the state of Arkansas to the state of Florida, with the intent that such individual engage in sexual activity under such circumstances as would constitute a criminal offense by any person under Florida State Law, specifically Florida Statute 800.04(4)(a),[4] in violation of 18 U.S.C. § 2423(a)." Cole argues that the Western District of Arkansas was not the proper venue for his prosecution because he did not have the requisite intent to violate the Florida statute while he was in Arkansas; it was not until he and M.S. were in Las Vegas, Nevada, that M.S. suggested that they go to Florida. He also argues that this same lack of intent mandates his acquittal as there is insufficient evidence to support his conviction. We disagree and affirm his conviction.

## A. Sufficiency of the Evidence

Cole argues that there was insufficient evidence to support his conviction that he intended M.S. to engage in illegal sexual activity. Cole's trial attorney moved for acquittal following the government's case in chief, but he did not renew that motion following all of the evidence. Although such action generally constitutes a waiver of the claims raised in the motion for acquittal, subjecting the claim to plain error review, Cole's assertion that the government failed to prove one of the elements of his crime would prejudice his substantial rights, if proven to be correct, and we thus review his sufficiency of the evidence claim. See United States v. Wadena, 152 F.3d 831, 853 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999). Sufficient evidence exists to support the conviction

> if 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

---

[4]"A person who: (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age commits lewd or lascivious battery."

4

elements of the crime beyond a reasonable doubt.' The standard for determining the sufficiency of the evidence is strict, and a guilty verdict should not be lightly overturned. 'We view the evidence in a light most favorable to the verdict, giving the verdict the benefit of all reasonable inferences, and [we] will reverse only if the jury must have had a reasonable doubt concerning one of the essential elements of the crime.'

United States v. Dugan, 238 F.3d 1041, 1043 (8th Cir. 2001) (internal citations omitted).

The only element Cole disputes is the intent element, which requires that the defendant intended "that the [minor] engage . . . in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). Because the indictment listed a Florida statute as the crime under which any person could be charged, Cole argues that he must have intended to have illegal sexual activities with M.S. in Florida before he left Arkansas. The Florida statute was used in the indictment to establish the crime for which any person can be charged, i.e., to establish that the sexual activity was illegal. That statute makes it a felony to engage in sexual activity with a person between ages 12 and 16. FLA. STAT. CH. 800.04(4)(a). Thus, to be convicted under § 2423(a), Cole must have transported M.S., age 15 at the time, with the intent to engage in sexual activity with her. Cole's twisted reading of the statute–that he must have intended to go to Florida to violate the Florida statute before he began the interstate journey–is not supported by the language of the statute or the case law construing it. Whether Cole intended to have sex with M.S. in Florida when he transported her out of Arkansas is irrelevant to his conviction. His illicit intent must have been formed only "'before the conclusion of the interstate state [sic] journey.'" Reamer v. United States, 318 F.2d 43, 49 (8th Cir.) (quoting Mortensen v. United States, 322 U.S. 369, 374 (1944)), cert. denied, 375 U.S. 869 (1963). Cole's argument that his conviction cannot stand because he did not know he was going to Florida when he left Arkansas is futile.

5

Cole argues alternatively that the evidence is insufficient to establish that his intentions regarding sexual activity were any more than incidental to the purposes of the interstate trip. The illicit behavior must be "one of the purposes motivating . . . the interstate transportation," but need not be the dominant purpose. United States v. Vang, 128 F.3d 1065, 1071 (7th Cir. 1997) (internal quotations and citations omitted), cert. denied, 522 U.S. 1140 (1998); see also Reamer, 318 F.3d at 49. Arguably, when Congress amended the Mann Act in 1986 to remove the commercial nexus and to remove the "purpose" language, replacing it with the "intent that such individual engage . . . in any [illegal] sexual activity," Pub. L. No. 99-628, Congress lessened the prosecution's burden, such that it need not prove that illegal sexual activity was a purpose of the interstate transportation at all. See United States v. Ellis, 935 F.2d 385, 391-92 (1st Cir.) (discussing the change in the language but declining to decide the impact of the change as the evidence supported the conviction even under the more stringent standard), cert. denied, 502 U.S. 869 (1991). Like the court in Ellis, we leave for another day the effect of the change in the statutory language because the evidence establishes that illegal sexual activity was at least one of Cole's purposes in transporting M.S. in interstate commerce.

Cole's intent "may be inferred from all the circumstances." Reamer, 318 U.S. at 49. Reviewing the evidence in the light most favorable to the guilty verdict, the jury could easily have found that Cole took M.S. out of Arkansas with the intent–and for the purpose–of having illegal sexual relations with her. First, Cole had taken M.S. away from her family on two prior occasions, during which time the two had sexual relations nearly every day. On the first of those occasions, Cole took M.S. out of the state shortly after the relationship had been investigated by the Arkansas DHS, which the jury could have surmised was to facilitate the sexual relationship by getting away from the scrutiny and influence of the DHS and M.S.'s family. Further, Cole had been ordered by the Fort Smith, Arkansas, municipal court not to have any contact with M.S. the very day he removed her from Arkansas on October 1, 1998. Finally, Cole and M.S. had sex on the first night away from Arkansas during this final trip when they

stopped in Kingman, Arizona. This evidence amply supports the conclusion that Cole intended to have sex with M.S.–and transported her out of Arkansas for that purpose–when they left Arkansas and that sexual activity was not merely incidental to the trip. See Ellis, 935 F.2d at 391(holding that Mann Act conviction was supported by evidence of illicit sexual acts during interstate travel and in destination state to "permit inference that one of defendant's purposes in transporting [Ellis's step-daughter] was to have her continuously available to commit such acts" during business trips and family vacations).

## B. Venue

We review de novo the district court's denial of the motion to dismiss for improper venue,[5] as it involves a matter of law. See Crawford, 115 F.3d at 1405. "A criminal defendant's venue rights are protected by Article III, § 2, and the Sixth Amendment, of the Constitution. Both of these constitutional provisions require that a defendant's trial take place where 'the crime shall have been committed.'" Id. See also Fed. R. Crim. P. 18 ("Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."). The United States Code further provides that:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

[5]Cole phrases the argument in terms of lack of jurisdiction based on improper venue. We limit our discussion to venue, however, as the "constitutional and statutory venue provisions [upon which Cole relies] are not restrictions on the court's jurisdiction." United States v. Crawford, 115 F.3d 1397, 1403 n.12 (8th Cir.), cert. denied, 522 U.S. 934 (1997).

> Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . or imported object or person moves.

18 U.S.C. § 3237(a).

The parties do not dispute that § 3237(a) controls the selection of proper venue. Cole argues that the determination of where the "offense was begun, continued, or completed" controls the proper venue for his prosecution, and because he did not intend to violate the Florida law when he left Arkansas, the offense did not begin there. However, the offense for which Cole was charged involved transportation in interstate commerce of an individual under the age of 18, and thus, venue is proper under the second paragraph of § 3237(a) "in any district from, through, or into which" the minor was transported. See Clinton v. United States, 293 F.2d 47, 47-48 (10th Cir. 1961). Cole does not dispute that he transported M.S. from Arkansas to California, then Nevada, and eventually to Florida. Because Cole transported M.S. from Arkansas with the intent to engage her in illegal sexual activity, see discussion supra Part II.A., the Western District of Arkansas was a proper venue for his prosecution.

### C. Ineffective Assistance of Counsel

Finally, Cole argues that he received ineffective assistance from his trial counsel. Although claims of ineffective assistance are generally not reviewed on direct appeal, United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994), we hold that Cole's claim of ineffective assistance fails, even without an extended record below. Cole's sole argument is that there was no reason for his trial attorney not to have renewed the motion for acquittal following all of the evidence. Even if his attorney's actions meet the first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring both deficient conduct by counsel and prejudice from that conduct to state a cognizable

ineffective assistance claim), we have not limited our review of the denial of Cole's motion for acquittal to plain error, which is normally the penalty for failing to renew such a motion. Thus, Cole was in no way prejudiced by his attorney's actions. Accordingly, we reach, determine, and reject Cole's ineffective assistance of counsel claim.

III.

For the foregoing reasons, we affirm Cole's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

9