# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2339

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Santiago Espinoza-Rodriguez, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: February 18, 2011
Filed: March 10, 2011

_____

Before LOKEN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Santiago Espinoza-Rodriguez pleaded guilty to one count of illegal reentry into the United States after deportation, in violation of 8 U.S.C. §1326. In so doing, he also admitted to violating the terms and conditions of his supervised release imposed as a result of an earlier 2008 conviction for illegal reentry. On May 25, 2010, the district court[1] conducted a sentencing hearing and sentenced Espinoza-Rodriguez to twenty-one months' imprisonment on the new reentry charge and five months' imprisonment on the supervised release violation, to run consecutively. Espinoza-

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Rodriguez appeals this sentence, arguing that the district court procedurally erred in failing to accord proper weight to several aggravating and mitigating factors and that this procedural error resulted in a substantively unreasonable sentence pursuant to 18 U.S.C. § 3553(a) and <u>Gall v. United States</u>, 552 U.S. 38 (2007). More specifically, Espinoza-Rodriguez claims that the district court abused its discretion by giving too much weight to his criminal history and not enough weight to the mitigating factors in his case, including: (1) the detrimental impact his incarceration will have on his family, who he was supporting; (2) the evidence in the record indicating that he has been substantially free of criminal activity since his last serious felony in 2005; and (3) the reality that twenty-six months is more than twice the length of his longest prior sentence. We disagree.

As the sentencing transcript reveals, the district court sentenced Espinoza-Rodriguez on both the new conviction and the violation of his supervised release after thoroughly considering all of the § 3553(a) factors, including Espinoza-Rodriguez's lengthy criminal history, his work history, and his efforts to support his family. Consequently, we can discern no procedural error. <u>See</u> <u>United States v. Battiest</u>, 553 F.3d 1132, 1135–36 (8th. Cir. 2009). We also can discern no substantive error in the final sentence. The district court sentenced Espinoza-Rodriguez within the applicable guideline ranges, and as such, we may and do presume that his sentence is reasonable. <u>United States v. Hoffman</u>, 626 F.3d 993, 998 (8th Cir. 2010). Here, there is nothing in the record sufficient to overcome this presumption of reasonableness, especially since Espinoza-Rodriguez decided to reenter this country while still on supervised release from his last conviction of illegal reentry. Accordingly, we affirm the judgment of the district court.

_____