**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4871**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

GREGORY VINCENT CRONIN,

 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:10-cr-00154-LO-1)

Submitted: April 29, 2011          Decided: May 18, 2011

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Brian L. Mizer, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jack Hanly, David B. Goodhand, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Vincent Cronin pled guilty to mail fraud and securities fraud, and the district court sentenced him to 151 months in prison. On appeal, he argues that the district court's remarks at sentencing conveyed at least the appearance of improper bias due to the court's attitude towards his crime. Finding no error, we affirm.[*]

"The [D]ue [P]rocess [C]lause protects not only against express judicial improprieties but also against conduct that threatens the 'appearance of justice.'" Aiken Cnty. v. BSP Div. of Envirotech Corp., 866 F.2d 661, 678 (4th Cir. 1989) (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 825 (1986)). "In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made 'fair judgment impossible.'" Rowsey v. Lee, 327 F.3d 335, 341 (4th Cir. 2003) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Unfavorable and even caustic remarks based on a defendant's conduct may be appropriate and generally do not create an appearance of partiality. See United States v. Bakker, 925 F.2d 728, 740 & n.4 (4th Cir. 1991) ("To a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage. As the community's

---

[*] We assume without deciding that Cronin's claim of constitutional error is not foreclosed by the waiver of appellate rights included as part of the written plea agreement.

spokesperson, a judge can lecture a defendant as a lesson to that defendant and as a deterrent to others.") (citation omitted).  Thus, in the absence of reliance on an impermissible factor such as race or national origin, id. at 740, or some personal stake in the litigation, negative opinions formed during the course of criminal proceedings require recusal only when they "display[] deep-seated and unequivocal antagonism that would render fair judgment impossible."  Liteky, 510 U.S. at 556.

Cronin pled guilty to conducting a Ponzi scheme.  Over the course of ten years, more than sixty victims lost almost $7,000,000 as a result of his fraud.  Many of Cronin's victims lost their life savings, sometimes at the end of their expected working life.  Moreover, Cronin's victims usually were friends or community members to whom he repeatedly lied, continuing to solicit money until immediately before his arrest.  Although Cronin's liabilities outweighed his assets even before the district court imposed a restitution order, Cronin and his family lived quite well while his scheme was ongoing.

At sentencing, the district court described Cronin in unflattering terms, including "sociopath" and "monster."  The district court's characterizations, while arguably intemperate, constituted "a reflection of the facts before the district court."  United States v. Diekemper, 604 F.3d 345, 352 (7th Cir. 2010) (analyzing bias claim under 28 U.S.C. § 455 (2006), and

referring to remarks that defendant was "manipulative, narcissistic, and twisted"). The district court's invocation of God's blessings on the victims present at sentencing does not indicate that religion was "an inappropriate driving force or improper consideration" in the sentence imposed. United States v. Hoffman, 626 F.3d 993, 999 (8th Cir. 2010) (finding due process not violated when district court made statements referring to "higher and greater judge" and "[m]ay he have mercy on your soul"). Similarly, the district judge's apology for the victims' having had to endure seeing Cronin in the community and the court's statement that it could also have been a victim merely evidence sympathy and encouragement. We therefore conclude that, contrary to Cronin's argument, the district court's remarks at sentencing did not create an appearance of improper bias, but rather reflected a reasoned opinion based on the circumstances of Cronin's scheme to commit fraud of significant magnitude, with devastating consequences for the victims.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4