# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2175

_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Goodwin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: February 15, 2013
Filed: May 28, 2013

_____

Before SMITH, MELLOY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Rodney Goodwin of attempted transportation of a minor with the intent to engage in sexual activity, under 18 U.S.C. § 2423(a) and (e). He challenges the sufficiency of the evidence and the jury instructions. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

# I.

In June 2010, Goodwin began an online relationship with 16-year-old J.B. through Mbuzzy, a social-networking site. Many of their messages were sexual. Through messages and phone conversations with Goodwin, J.B. described the unhappiness and abuse she was experiencing living with her grandparents. On J.B.'s 17th birthday, Goodwin wrote her, saying they could be together in "364.25 days." According to J.B.'s testimony, Goodwin became impatient, and the two began planning for her to travel from North Dakota to Dallas, Texas, to visit Goodwin.

Goodwin discussed the plan with J.B. He provided her information about the Bismarck bus schedule. He told her to buy a prepaid cell phone and obtain a "Green Dot Card" (a debit card) as a way for him to provide funds. On a page of J.B.'s journal that included Goodwin's phone number, J.B. listed parts of what she testified was "Rodney's plan": "Green Dot card, Verizon phone, panties, done, go to the bus stop, pay for a ticket, leave. Transfers in Fargo, Minneapolis, Kansas City, and Tulsa."

On Sunday, October 17, J.B. took her grandparents' car and drove to Bismarck. Most local businesses were closed until noon, so J.B. could not obtain the phone or debit card. Goodwin's phone records show he made approximately ten phone calls to Bismarck businesses on October 17. The two decided she should go to Fargo, where she was able to make her purchases at Walmart. The phone did not work, and J.B. informed Goodwin she was going home.

In interviews with authorities, Goodwin said that J.B. was living in an abusive household with her grandparents. He received a call from a friend of J.B.'s family on October 17, telling him she was a minor and they would be contacting the police. After that call, Goodwin told J.B. to go home or contact the local police for help getting home. A Department of Homeland Security agent testified, "[Goodwin] said

he had every intention of being in a relationship with [J.B.], to include a sexual relationship . . . ." J.B. testified that the plan when she arrived in Texas was to get a meal, then go to a hotel to engage in sexual intercourse.

Goodwin moved for a judgment of acquittal at the close of the government's case, alleging that the evidence was insufficient for a conviction. *See* **Fed. R. Crim. P. 29**. The district court[1] denied the motion. The jury convicted Goodwin. He was sentenced to 121 months' imprisonment.

## II.

Goodwin contends that the district court improperly denied his Rule 29 motion for judgment of acquittal. Under Rule 29, the district court must grant the motion if "the evidence is insufficient to sustain a conviction." *Id.* This court reviews de novo the denial, but "the underlying standard of review is deferential to the jury's verdict." *United States v. Tate*, 633 F.3d 624, 628 (8th Cir. 2011). This court reverses "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*, *quoting United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006). Evidence is viewed most favorably to the verdict. *Id.* "The standard for reviewing a claim of insufficient evidence is strict, and a jury's guilty verdict should not be overturned lightly." *Id.*, *quoting United States v. Pizano*, 421 F.3d 707, 719 (8th Cir. 2005).

Transporting a minor with the intent to engage in criminal sexual activity is unlawful under the Mann Act:

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

**18 U.S.C. § 2423 (a)**. Attempting this crime is also an offense, punishable the same as the principal offense. *Id.* **§ 2423(e)**. Goodwin was charged with attempt. "The elements of attempt are (1) intent to commit the predicate offense, and (2) conduct that is a substantial step toward its commission." *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007), *citing **United States v. Blue Bird***, 372 F.3d 989, 993 (8th Cir. 2004). "[A]lthough a substantial step must go beyond 'mere preparation,' it need not be the 'last act necessary' before the commission of the crime." *United States v. Bauer*, 626 F.3d 1004, 1008 (8th Cir. 2010), *quoting **United States v. Mims***, 812 F.2d 1068, 1077 (8th Cir. 1987). Goodwin claims that the evidence is insufficient to show that he attempted to "transport" J.B., that the trip was for sexual activity, or that the activity could have resulted in criminal charges.

### A.

Goodwin argues that his conduct did not evince the intent to transport. He admits encouraging J.B. to travel to Texas, but contends that his offer of money was only to allow her to buy herself a ticket. Goodwin asserts this conduct may be punishable under 18 U.S.C. § 2422,[2] but does not constitute an attempt to transport under § 2423.

---

[2]"Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both." **18 U.S.C. § 2422(a)**.

Goodwin primarily relies on *United States v. Jones*, 909 F.2d 533 (D.C. Cir. 1990). There, the D.C. Circuit interpreted 18 U.S.C. § 2421, the statute for transporting any individual with the intent to engage in criminal sexual activity (as opposed to just minors in § 2423). The court held that the government must show evidence that the defendant actually caused the victim to be transported. *Jones*, 909 F.2d at 540. "If § 2421 is interpreted so broadly as to encompass inducement, then § 2422 would be redundant." *Id.* The court held that § 2421 is for "cases in which the defendant can truly be said . . . to have performed the proscribed act of transporting," and § 2422 "covers those cases in which the defendant provides the motivation, ranging from persuasion to coercion, but the person then 'travels' under her own steam, without need of anyone to 'transport' her." *Id.*

Nevertheless, "one need not physically carry or accompany a person interstate in order to 'transport' her." *Id.* This principle is illustrated by the court's discussion of prior cases:

> In *Ege v. United States*, 242 F.2d 879 (9th Cir. 1957), the defendant made advance arrangements for and gave expense money to a woman for her to travel interstate. According to the court, which "assume[d] that § 2421 requires a little more 'causing' beyond just 'persuading and inducing,'" the defendant's conduct there was "no different than if he had presented [her] with a plane or train ticket and told her to go." *Id.* at 880. In *Lattanzio v. United States*, 243 F.2d 801 (9th Cir. 1957), the defendant lent a woman money to cover her transportation expenses. In each of these cases, it seems that the degree of direction and control exercised by the defendant really did amount to more than mere inducement; although the defendant did not physically transport the woman, it could fairly be said that he caused her to be transported interstate.

*Id.* at 540-41 (alterations in original). Viewing the facts favorably to the verdict, Goodwin planned to finance the bus fare and all expenses of the trip. Goodwin provided J.B. with a bus schedule and detailed plan. The cases cited by Goodwin

-5-

contain much weaker evidence of direction and control than present in this case. *See Jones*, 909 F.2d at 540 ("[T]he escorts made their own travel arrangements and, in a literal sense, transported themselves interstate, by car or subway; and the Government has never suggested that the escorts were either physically or psychologically coerced."); *Hill v. United States*, 150 F.2d 760, 761 (8th Cir. 1945) (evidence of a telephone request to travel is insufficient to prove that the defendant caused someone to travel); *LaPage v. United States*, 146 F.2d 536, 537-39 (8th Cir. 1945) (same). There is more than enough evidence for a reasonable jury to find that Goodwin exercised the "degree of direction and control" necessary for attempted transport. *See Jones*, 909 F.2d at 541.

Further, the *Jones* court cabined § 2421's reach to ensure that its companion statute, § 2422, retained independent meaning. "Section 2423, which applies only to the interstate transport of *minors* and imposes stiffer penalties than either § 2421 or § 2422, lacks such a companion statute." *United States v. Johnson*, 132 F.3d 1279, 1285 (9th Cir. 1997).[3] This court need not decide the full reach of § 2423, because under any reasonable definition of attempted transport – including the limitation in *Jones* – the government presented evidence sufficient to convict Goodwin.

B.

In addition to the attempted transport, the jury found that Goodwin acted "with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." **18 U.S.C. § 2423(a)**. Goodwin contends that the purpose of the travel was to free J.B. from an abusive household.

---

[3]Section 2422 does contain a provision about minors, but it criminalizes the solicitation of the actual criminal sexual act, as opposed to coercion to *travel* for the criminal act. *Compare* **18 U.S.C. § 2422(b)**, *with **id.** § 2422(a)*. *See United States v. Herbst*, 666 F.3d 504, 510-11 (8th Cir. 2012) (reciting the elements of a § 2422(b) offense), *quoting **United States v. Young***, 613 F.3d 735, 742 (8th Cir. 2010).

The government offered three independent crimes that could have been charged had the plan succeeded: sex with a minor under North Dakota law, possession of child pornography under Texas law, and production of child pornography under federal law.

"The illicit behavior must be 'one of the purposes motivating . . . the interstate transportation,' but need not be the dominant purpose." *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001) (alteration in original), *quoting United States v. Vang*, 128 F.3d 1065, 1071 (7th Cir. 1997) (interpreting *Mortensen v. United States*, 322 U.S. 369, 376 (1944)). "The sexual activity just may not be merely incidental to the trip." *United States v. Hoffman*, 626 F.3d 993, 996 (8th Cir. 2010), *citing Cole*, 262 F.3d at 709.

Viewing the evidence favorably to the verdict, it easily establishes that one purpose of the travel was sexual activity. The record is replete with sexually charged conversations between J.B. and Goodwin. Goodwin admitted he intended to be in a relationship with J.B., including sex. J.B. testified that the plan when she arrived in Texas was to eat dinner, then engage in sexual intercourse. This evidence is sufficient to support the potential charge of sexual relations with a minor under North Dakota law. (That this crime could legally be charged under North Dakota law is discussed in subpart C.)

The remaining two charges, however, relate to allegations that a purpose of the trip was for J.B. and Goodwin to make pornographic videos. Even in the light most favorable to the verdict, only three pieces of evidence support this claim: Goodwin's statement to J.B. that he was looking at pornography and thinking about her; one comment from J.B. that she could not wait to "make [her] first porn"; and J.B.'s answer during cross-examination that if she went to Texas they "possibly" would have

"eventually" created pornography.[4]  This evidence does not establish that creating pornography was a purpose of the trip.  At most, it illustrates that pornography was "merely incidental" to the transportation.  *See* **Hoffman**, 626 F.3d at 996.

Submitting to the jury the charge based on potential pornography crimes was improper.  Nevertheless, the potential charge of sexual conduct with a minor was an appropriate theory.  This court will "uphold the jury's verdict[] if the evidence is sufficient to support the defendant['s] conviction[] under any one of the alternative theories."  *United States v. Papakee*, 573 F.3d 569, 574 (8th Cir. 2009).

C.

Goodwin's conviction is valid only if there is sufficient evidence that he acted "with intent that the individual engage in prostitution, or in any sexual activity for which any person *can be charged with a criminal offense*."  **18 U.S.C. § 2423(a)** (emphasis added).  The North Dakota statute states:

> An adult who solicits with the intent to engage in a sexual act with a minor under age fifteen or engages in or causes another to engage in a sexual act when the adult is at least twenty-two years of age and the victim is a minor fifteen years of age or older, is guilty of a class C felony.

---

[4]This colloquy transpired as follows:
Q. And when you got to Texas, you indicated yesterday that you believed you would have engaged in sexual conduct or activity with Mr. Goodwin, correct?
A. Yes.
Q. Would that have included potentially creating this pornography that you talked about in your communications?
A. Possibly.  Not right off, but eventually that probably would have happened.

**N.D. Cent. Code § 12.1-20-05(2)**. A "minor" in North Dakota is any person under 18 years of age. *Id.* **§ 14-10-01**. Therefore, it is illegal for someone over the age of 22 (Goodwin is 48) to engage in a sexual act with someone under the age of 18. In Texas, however, the legal age of consent is 17. **Tex. Penal Code Ann. § 22.011(c)**.

Goodwin argues that because the conduct would have been legal in Texas, he could not have been charged with a criminal offense. A North Dakota criminal-jurisdiction statute provides otherwise:

> Any person who commits one or more of the following acts is liable to prosecution under the laws of this state:
>
> 1. Commission of a robbery or theft outside this state and bringing the stolen property into this state.
>
> 2. Soliciting, while outside this state, criminal action within this state.
>
> *3. Soliciting, while outside this state, sexual contact with a person believed to be a minor who at the time of the solicitation is located in this state.*
>
> 4. Commission of kidnapping or felonious restraint when the victim is brought into this state.

**N.D. Cent. Code § 29-03-01.1** (emphasis added). Because Goodwin solicited sexual conduct with a minor located in North Dakota, he is "liable to prosecution under the laws" of North Dakota, including its proscription of sexual contact with a person under 18.[5]

---

[5]Goodwin contends that this incorrectly applies North Dakota's extraterritorial-jurisdiction statute. "In interpreting state law, 'we are bound by the decisions of the state's highest court.'" *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006), *quoting Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003). "When a state's highest court has not decided an issue, it is up to this court to predict how the

Goodwin asserts that this court previously foreclosed the possibility of a defendant being prosecuted for consensual, legal sexual conduct that is illegal in another state. *See United States v. Patten*, 397 F.3d 1100, 1103 (8th Cir. 2005) ("To take an obvious example, Patten would not have violated § 2422(b) if his interstate communications had explicitly urged 'Sarah' to come to Minnesota to engage in lawful sexual activity with him, even though 'Sarah' received those communications in North Dakota. The statute only prohibits persuading a minor to engage in *illegal* sexual activity."). In 2007, however, *after Patten*, North Dakota added subsection 3 to the above criminal-jurisdiction statute – the very provision applicable in this case. **2007 N.D. Laws ch. 125**; *see also United States v. Tello*, 600 F.3d 1161, 1166 n.4

---

state's highest court would resolve that issue." ***Id.***, *quoting **Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.***, 462 F.3d 1002, 1007 (8th Cir. 2006). The North Dakota Supreme Court has not decided whether N.D. Cent. Code § 29-03-01.1(3), grants North Dakota jurisdiction over an out-of-state defendant for conduct violating N.D. Cent. Code § 12.1-20-05(2), when the sexual act occurs outside of North Dakota. This court predicts that the North Dakota Supreme Court would find jurisdiction.

In 2003, the North Dakota Supreme Court held that § 29-03-01.1 granted North Dakota jurisdiction in a prosecution for luring a minor, when all of the defendant's luring activity occurred on a computer in Minnesota. *State v. Backlund*, 672 N.W.2d 431, 435-36 (N.D. 2003). The court recognized the state's "valid public interest in protecting minor children . . . from individuals who seek underage sexual partners using the Internet." ***Id.*** at 36, *quoting **People v. Ruppenthal***, 771 N.E.2d 1002, 1008 (Ill. App. Ct. 2002). Goodwin's case is different than *Backlund*, because Goodwin was not charged with luring and was not arrested within North Dakota. But after *Backlund*, in 2007 the legislature strengthened its extraterritorial-jurisdiction statute in an act concerning the luring of minors. *See **2007 N.D. Laws ch. 125***. As in *Backlund*, the victim here "received the communication at a computer in" North Dakota. ***Backlund***, 672 N.W.2d at 436. Goodwin's potential crime was initiated by a communication to North Dakota that lured a North Dakota minor outside of the jurisdiction to commit an act that is illegal under North Dakota law. This court predicts that these "detrimental effects" would grant North Dakota jurisdiction over this defendant for prosecution under § 12.1-20-05(2). *See **Strassheim v. Daily***, 221 U.S. 280, 285 (1911).

(9th Cir. 2010) ("In 2007, after the *Patten* decision, North Dakota amended its extraterritorial-jurisdiction statute to include out-of-state solicitation for sexual contact of a minor who is located within the state.").

Had the plan come to fruition, Goodwin could have been charged under North Dakota law. The district court properly denied his Rule 29 motion as to that theory.

III.

Goodwin attacks the jury instructions. The district court instructed on all three separate theories. They were listed on the same instruction page, titled "Types of Sexual Activity for Which a Person Can Be Charged with a Criminal Offense."

At trial, Goodwin objected to instructing on the two theories involving child pornography (Texas and federal law). Goodwin renewed this argument in his post-trial motion for mistrial or new trial. The formulation of jury instructions, denial of a motion for mistrial, and denial of a motion for new trial are reviewed for abuse of discretion. *United States v. Tremusini*, 688 F.3d 547, 556 (8th Cir. 2012) (jury instructions); *United States v. Wallette*, 686 F.3d 476, 482 (8th Cir. 2012) (mistrial); *United States v. Maybee*, 687 F.3d 1026, 1032 (8th Cir. 2012) (new trial). As discussed, there was insufficient evidence to convict Goodwin based on the intent to create pornography. Nevertheless, if sufficient evidence exists as to one theory of the crime submitted to the jury, the conviction must be upheld. *See United States v. Van Nguyen*, 602 F.3d 886, 900 (8th Cir. 2010) ("It appears Phieu's real complaint is the district court submitted all three theories of money laundering as to each count when some of those theories lacked evidentiary support. So long as there is sufficient evidence in the record to support at least one of the alternate theories for each count of conviction, however, the judgment and sentence against Phieu must stand.").

Specific to the North Dakota instruction, Goodwin asserts that the court improperly included all the statute. It contains two grounds for conviction, only one of which applies to him. He claims it was error to include the whole statute.

Goodwin contends he raised this argument to the district court and included it in post-trial motions. The only argument in the record, however, is that the North Dakota statute is entirely inapplicable because the sexual act was to occur in Texas, where it was legal – the same argument dispensed with above. Because Goodwin's new challenge comes for the first time on appeal, this court reviews for plain error. ***United States v. Poitra***, 648 F.3d 884, 887 (8th Cir. 2011). "Plain error review requires [the defendant] to show (1) an error, (2) that was plain, (3) affects substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." ***United States v. Rush-Richardson***, 574 F.3d 906, 910 (8th Cir. 2009) (internal quotation marks omitted), *quoting* ***United States v. Olano***, 507 U.S. 725, 735-36 (1993). "With respect to the third element, an error only affects substantial rights if it is prejudicial, *i.e.*, the defendant proves there is 'a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.'" ***United States v. Vanover***, 630 F.3d 1108, 1119 (8th Cir. 2011) (alteration in original), *quoting* ***United States v. Dominguez Benitez***, 542 U.S. 74, 82 (2004).

The district court's instruction describing the North Dakota statute stated:

Section 12.1-20-05(2) of the North Dakota Century Code provides:
An adult who solicits with the intent to engage in a sexual act with a minor under age fifteen or engages in or causes another to engage in a sexual act when the adult is at least twenty-two years of age and the victim is a minor fifteen years of age or older is guilty of a class C felony.

The first part of the statute criminalizes solicitation of a minor under the age of 15, which does not apply to Goodwin (J.B. was 16-17). He claims, therefore, that inclusion of the full statute could have confused the jury. There is no reasonable probability that the jury's verdict would have been any different but for the instruction. The instruction directly quotes the relevant North Dakota statute, which clearly defines the applicable ages for liability. J.B.'s age was established and referenced throughout the trial. The district court's inclusion of the entire statute was not plain error.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____