**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOGAN VIQUESNEY,

    Defendant - Appellant.

No. 20-3145
(D.C. Nos. 2:18-CV-02152-JAR &
2:16-CR-20060-JAR-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

This matter is before the court on Logan Viquesney's pro se request for a certificate of appealability ("COA"). He seeks a COA so he can appeal the denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Viquesney also seeks permission to proceed on appeal in forma pauperis ("IFP"). This court **grants** Viquesney's request to proceed on appeal IFP. Because, however, he has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Viquesney pleaded guilty, in the United States District Court for the District of Kansas, to one count of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity. *See* 18 U.S.C. §§ 2423(a), 2426. Viquesney did not file a direct appeal but, instead, filed the instant, timely § 2255 motion. In his motion, Viquesney asserted his trial counsel was ineffective in failing to move to dismiss the indictment because, according to Viquesney, the necessary element of illegal sexual activity was not satisfied as a sixteen-year-old is capable of consent in Kansas.

In a well-stated and thoroughly researched Order, the district court denied Viquesney's request for collateral relief because Viquesney's counsel did not perform deficiently in failing to contest the indictment. In so concluding, the district court ruled that § 2423 sets out a continuing offense and any such continuing offense against the United States that took place in multiple districts may be prosecuted in any district in which the offense started, continued, or concluded. Viquesney's offense continued across multiple states and concluded in Kansas. The record here makes clear that, at a minimum, Viquesney's sexual activity with the victim was in violation of Illinois law. *See United States v. Cole*, 262 F.3d 704, 708–09 (8th Cir. 2001) (holding a defendant was properly indicted in Arkansas state court under § 2423(a) where the criminal sexual activity element was fulfilled by violation of Florida statute criminalizing sexual

activity with a person less than 16 years of age). Venue was proper in Kansas pursuant to the terms of 18 U.S.C. § 3237.[1]

Viquesney seeks a COA so he can appeal the district court's resolution of his § 2255 motion. The granting of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Viquesney must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Viquesney has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

---

[1]Although the district court concluded it was beyond doubt trial counsel's performance was not deficient, it also went on to conclude in the alternative that, under the unique facts of this case, Viquesney failed to demonstrate prejudice. Although this court has no reason to doubt the correctness of the district court's analysis in this regard, we need not further explore the matter given the undoubtable correctness of the district court's performance determination.

Having undertaken a review of Viquesney's appellate filings, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Viquesney is not entitled to a COA. In so concluding, this court has nothing to add to the district court's cogent Order. Accordingly Viquesney's request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge