# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1223

_____

United States of America

*Plaintiff - Appellee*

v.

Joan Robinson, also known as Jay

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 30, 2026
Filed: May 6, 2026
[Unpublished]

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joan Robinson appeals the judgment entered by the district court[1] after a jury found her guilty of transporting a minor in interstate commerce for prostitution. *See* 18 U.S.C. § 2423(a). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

On appeal, Robinson argues the evidence was insufficient to prove that she transported the minor victim with the intent that the individual engage in prostitution. Viewing the evidence in the light most favorable to the jury's verdict and drawing all reasonable inferences in the government's favor, this court finds no basis for reversal. *See United States v. Hoffman*, 626 F.3d 993, 995 (8th Cir. 2010) (explaining the de novo standard of review). A rational trier of fact could have found beyond a reasonable doubt that at least one reason Robinson transported the minor was for the minor to engage in prostitution, given Robinson's close personal relationship with the victim, her knowledge of the victim's prostitution before transporting the victim, her message to the victim before the trip about making money, the evidence on her phone revealing that a prostitution website had been searched, the messages during the trip relating to commercial sex acts, and her receipt of repeated payments in the victim's name while on the trip. *See United States v. Duffin*, 844 F.3d 786, 790 (8th Cir. 2016) (explaining that the illicit behavior must be one of the purposes motivating the interstate transportation, but it need not be the dominant purpose); *Hoffman*, 626 F.3d at 995 (stating the evidence is sufficient if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt); *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001) (reiterating that intent may be inferred from all the circumstances).

The judgment is affirmed.

_____